■ SHERRY BOWLES, Respondent, v STEVE GOLDGELI, Defendant, and ROBERT KUCK et al., Appellants.—In an action to recover damages for personal injuries, the defendants Robert and Mary Kuck appeal from an order of the Supreme Court, Queens County (LeVine, ʻJ.), entered June 26, 1989, which vacated a prior order of the same court, dated February 17, 1989, granting their motion to dismiss the complaint insofar as it is asserted against them for failure to comply with a preliminary conference order, upon the plaintiff's default in opposing that motion.

Ordered that the order is affirmed, with costs.

On or about April 21, 1987, the appellants served separate demands for a bill of particulars and a deposition upon oral examination, as well as a notice for discovery and inspection. On or about November 17, 1987, the appellants requested a response from the plaintiff and, on April 18, 1988, the court issued a preliminary conference order directing the manner in which the parties were to comply with the discovery demands. On November 11, 1988, the appellants moved for dismissal of the complaint on the ground that the plaintiff had not complied. The plaintiff filed no opposition papers. On November 15, 1988, a conference was convened by the court's law secretary, and held in chambers. There, it was stated and agreed that discovery would be completed by January 30, 1989, and that, if the plaintiff failed to comply by that date, the motion to dismiss would be entertained.

By December 16, 1988, the plaintiff responded to the discovery demands but on January 12, 1989, the appellants complained by letter that the discovery materials were inadequate. Additional materials were supplied on January 30, 1989. On that date, the scheduled conference was adjourned, with the appellants' consent, until March 14, 1989. Meanwhile, on February 14, 1989, the motion made in November 1988 was granted "without opposition".

The court, on the plaintiff's motion, vacated this order "in the interests of justice". We agree with the plaintiff that the court acted properly in so doing. We note that the court maintains an inherent power "to relieve [a party] from judgments taken through 'mistake, inadvertence, surprise or excusable neglect' " (Ladd v Stevenson, 112 NY 325, 332; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.12). Moreover, contrary to the appellants' contention, the verified complaint and verified bill of particulars served the purpose of an affidavit of merit (see, Salch v Paratore, 60 NY2d 851, 853;

*Leogrande v Glass,* 106 AD2d 431, 433; *cf., Onorio v Miller,* 143 AD2d 80).

We have examined the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.