■ MASSACHUSETTS BAY INSURANCE COMPANY, as Subrogee and/or Assignee of MAGNO SOUND, INC., Respondent, v GUARDIAN ESCROW CORPORATION, Appellant.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered September 26, 1989, which denied defendant's motion to compel plaintiff to accept late service of its answer, unanimously reversed, on the law, the facts and in the exercise of discretion and the motion is granted, without costs. Judgment of the same court, entered July 19, 1990, in favor of plaintiff in the sum of $992,796.17 is vacated and the matter is remitted to Supreme Court.

Plaintiff's subrogor sustained damage to its property as a result of a fire which occurred at premises owned by defendant. Plaintiff maintains that it served a summons and complaint on defendant via the Secretary of State on July 21, 1988. However, defendant claims that it did not become apprised of this action until November 14, 1988 when it received a letter from plaintiff's attorney. It then promptly forwarded the summons and complaint to an insurance retailer which sent them on to an insurance wholesaler. The summons and complaint then languished at the insurance wholesaler's office for several months until they were discovered in the desk of a former employee. They were then sent to Danman Associates which forwarded the papers to the law firm representing defendant on March 23, 1989. An answer was thereafter served on behalf of defendant on April 11, 1989. However, plaintiff rejected the answer and obtained an *ex parte* order setting the matter down for an inquest.

Defendant's motion to compel plaintiff to accept a late answer was denied and defendant appealed. Prior to obtaining a decision, the matter proceeded to an inquest where judgment was entered in plaintiff's favor. The appeal from that judgment was consolidated with the appeal from the order denying defendant's motion to compel acceptance of its answer.

The Supreme Court improvidently exercised its discretion in denying defendant's motion to compel acceptance of its answer. The circumstances herein demonstrate that the delay

was not wilful and will not unduly prejudice plaintiff. Contrary to the conclusion reached by the Supreme Court, a review of the record indicates that defendant also has an arguably meritorious defense, that the fire was caused by criminal or negligent acts of third persons over whom it had no control.

Keeping in mind the policy of the courts to permit actions to be determined on their merits, we are convinced that the circumstances in this case do not warrant the drastic remedy of a default judgment *(Scott v Allstate Ins. Co.,* 124 AD2d 481; *and see, Constable v Matie,* 145 AD2d 987). Since the order denying defendant's motion to compel plaintiff to accept its answer must be reversed, the judgment in favor of plaintiff after inquest is vacated. Concur—Carro, J. P., Rosenberger, Kassal, Ellerin and Wallach, JJ.