■ GABRIEL MARTINEZ et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Orders of the Supreme Court, Bronx County (Lewis Friedman, J.), entered on March 22, 1990 and May 13, 1991, which, respectively, denied plaintiffs' application to restore their action to the calendar, and denied renewal and reargument, unanimously reversed, on the law and the facts, and in the exercise of discretion, renewal granted and upon renewal the application granted, and the action restored to the calendar, upon condition that plaintiffs' attorney pay $500 to defendant within 30 days of service upon it of this order with notice of entry, without costs.

While we concur fully in the Motion Court's condemnation of plaintiffs' counsel's derelictions, on balance, the plaintiffs should be afforded their day in court despite the egregious law office failure of their attorneys. On this record, the presumption of abandonment is rebutted. On the reargument/renewal motion, counsel did submit additional evidence on the merits of the case and the etiology of the law office failure. Thus, the motion can be viewed as a motion to renew and not merely reargue (compare, Foley v Roche, 68 AD2d 558, 567-568; Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 173 AD2d 203). The record establishes that the law office failure was not willful (see, Massachusetts Bay Ins. Co. v Guardian Escrow Corp., 171 AD2d 615), that the action is prima facie meritorious, and that defendant was not prejudiced by the delay (see, Pirnak v Savino, 96 AD2d 857). Concur—Murphy, P. J., Sullivan, Rosenberger and Kassal, JJ.