■ DAMSELLE, LTD., Appellant, v 500-512 SEVENTH AVENUE ASSOCIATES et al., Defendants, and HOLMES PROTECTION OF NEW YORK, INC., Respondent.—Order, Supreme Court, New York County (Beverly Cohen, J.), entered April 4, 1991, which granted the motion of defendant Holmes Protection of New York, Inc., to vacate a default judgment on condition that its attorneys pay plaintiff $1,500, unanimously modified, on the law, the facts and in the exercise of discretion, to increase the amount to which plaintiff is entitled to $3,000, and otherwise affirmed, without costs.

In light of the strong policy favoring the determination of actions on their merits *(Scott v Allstate Ins. Co.,* 124 AD2d 481, 484), we find no abuse of discretion in vacatur of the within default judgment upon defendant-respondent's showing of an unintentional failure by defendant-respondent's insurer to defend the action, lack of prejudice to plaintiff, and the existence of a potentially meritorious defense *(Massachusetts Bay Ins. Co. v Guardian Escrow Corp.,* 171 AD2d 615, 616). We agree with the IAS court that, as a condition to the vacatur of

the default, plaintiff should be compensated for the inconvenience caused by defendant-respondent's insurer's egregious inefficiency (see, Aces Mech. Corp. v Cohen Bros. Realty & Constr. Corp., 99 AD2d 455). Moreover, under the circumstances of this case, we find that, in order to adequately compensate plaintiff, the amount should be raised to $3,000. Concur—Ellerin, J. P., Kupferman, Asch and Kassal, JJ.