■ YANCE FOLK, Appellant, v STATE OF NEW YORK, Respondent.—In a claim to recover damages for personal injuries, etc., the claimant appeals from (1) so much of an order of the Court of Claims (McCabe, J.), dated May 23, 1990, as imposed a $2,000 sanction on the claimant's attorneys pursuant to 22 NYCRR part 130, and (2) a judgment of that same court, dated June 7, 1990, entered thereon, in favor of the defendant and against the claimant's attorneys in the sum of $2,000.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and as a matter of discretion, without costs or disbursements, by reducing the sum awarded from $2,000 to $750 and adding a provision that payment by the claimant's attorneys of the sum of $750 is imposed pursuant to CPLR 5015 (a) as a condition for vacatur of a prior order dated March 6, 1989, which dismissed the claim upon the default of the claimant's attorneys in appearing at a conference; and it is further,

Ordered that the order is modified accordingly; and it is further,

Ordered that the claimant's attorneys' time to pay the $750 is extended until 30 days after service upon them of a copy of this decision and order with notice of entry.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

After the claimant's counsel failed to respond to a court directive to either attend a court conference or submit a preliminary conference order, the Court of Claims, in an order dated March 6, 1989, dismissed the claim. Upon the claimant's motion, that order was vacated and the case was restored to the calendar, but the court imposed upon the claimant's counsel a $2,000 sanction pursuant to 22 NYCRR part 130.

The Court of Claims did not give claimant's counsel an opportunity to be heard before imposing the sanction, nor did it explain its decision in writing. Accordingly, the sanction was improperly imposed (see, 22 NYCRR 130-1.1 [d]; 130-1.2; *Giblin v Anesthesiology Assocs.,* 171 AD2d 839). Moreover, we can find no arguable basis for concluding that counsel's behavior was "frivolous" within the meaning of the rule (22 NYCRR 130-1.1 [c]). Thus, remitting the matter to the Court of Claims to enable it to set forth the basis for its decision will serve no purpose (cf., *Giblin v Anesthesiology Assocs., supra).*

However, an order relieving a party from a default may be conditioned on payment of sanctions pursuant to CPLR 5015 (a) (see, *Gabrelian v Gabrelian,* 108 AD2d 445, 447). Under the circumstances of this case, and in an exercise of discretion, we conclude that the imposition of a sanction of $750 is appropriate as a condition for vacatur of the prior order dated March 6, 1989, made upon the claimant's attorneys' default in appearing at a conference. Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.