■ MADELYN LEVINE, Appellant-Respondent, v AETNA CASUALTY AND SURETY COMPANY, Respondent-Appellant.—In an action to recover damages for failure to pay a claim on a homeowner's insurance policy, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated September 28, 1990, as conditioned the vacatur of her default in filing a note of issue upon her payment of $2,500 in sanctions and $2,500 in counsel fees, and the defendant cross-appeals from so much of that same order as granted the plaintiff's motion to vacate (1) her default in filing a notice of issue and (2) an order of the same court, dated May 24, 1990, which dismissed the complaint based upon that default.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof which awarded $2,500 in counsel fees, (2) reducing the award of $2,500 in sanctions to $750 in sanctions, and (3) adding a provision thereto that payment by the plaintiff's attorney of the sum of $750 is imposed pursuant to CPLR 5015 (a) as a condition for vacatur of the order dated May 24, 1990, which dismissed the complaint upon the plaintiff's default in filing a timely note of issue; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff's attorney's time to pay the $750 is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

An order relieving a party from a default may be conditioned on payment of sanctions pursuant to CPLR 5015 (a) (see, Folk v State of New York, 185 AD2d 267). Under the circumstances of this case, and in an exercise of discretion, we conclude that the imposition of a sanction of $750 is appropriate as a condition for vacatur of the plaintiff's default in filing a note of issue and the order dated May 24, 1990.

Additionally, the court acted properly in vacating the order "in the interests of justice". A court maintains an inherent power to relieve a party from judgments taken through " ' "mistake, inadvertence, surprise or excusable neglect" ' " (see, Bowles v Goldgeli, 167 AD2d 498, quoting Ladd v Stevenson, 112 NY 325, 332; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.12; Fox v Bicanic, 163 AD2d 272). Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.