■ MARK PAZ, Appellant, v LONG ISLAND RAILROAD COMPANY, Respondent. [614 NYS2d 218] —In an action, *inter alia,* to recover damages for discriminatory employment practices, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated April 14, 1992, as denied his motion for entry of a default judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, upon the condition that the defendant's attorneys personally pay the plaintiff the sum of $1,500 within 20 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that in the event that the defendant's attorneys fail to pay the sum $1,500 to the plaintiff, then the defendant is granted 20 days after service upon it of a copy of this decision and order, with notice of entry, to pay the plaintiff the sum of $1,500; and it is further,

Ordered that in the event that the sum of $1,500 remains unpaid 20 days after service upon the defendant's attorneys and 20 days after service upon the defendant of a copy of this decision and order, with notice of entry, then the order is

reversed insofar as appeal from, with costs, and the plaintiff's motion for the entry of a default judgment is granted.

Upon our review of the record, we find that the Supreme Court properly exercised its discretion in denying the plaintiff's motion for a default judgment and in excusing the defendant's delay of more than three months in serving an answer. In view of the absence of any prejudice to the plaintiff, the existence of a possible meritorious defense, the lack of willfulness on the part of the defendant, and the public policy in favor of resolving cases on the merits, we agree, as a matter of discretion, that the defendant's default in answering should be excused (see, Robles v Grace Episcopal Church, 192 AD2d 515; Albin v First Nationwide Network Mtge. Co., 188 AD2d 575; Gisondi & Co. v Evans Dev. Corp., 131 AD2d 651).

We find, however, that the defendant's delay in serving its answer, even after the plaintiff's attorney reminded it that it had not yet fulfilled its obligation to serve a responsive pleading, should not be condoned. Accordingly, we condition our affirmance upon the payment of the sum of $1,500 to the plaintiff to compensate him for the inconvenience and additional legal work that emanated from the delay (see, Albin v First Nationwide Network Mtge. Co., supra; Damselle, Ltd. v 500-512 Seventh Ave. Assocs., 184 AD2d 367; Kremer v Kremer, 150 AD2d 759). Ritter, J. P., Copertino, Santucci and Hart, JJ., concur.