■ RONALD WORKMAN, Appellant, v WILLIAM AMATO et al., Respondents. [647 NYS2d 793] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Roberto, J.), entered August 16, 1995, which, *inter alia,* granted the defendants' separate motions to vacate their default in appearing, and vacated a judgment entered in favor of the plaintiff after an inquest, and (2) as limited by his brief, from so much of an order of the same court, entered September 19, 1995, as denied his motion to require the defendants to pay a monetary sanction as a condition for vacatur of the judgment.

Ordered that the order entered August 16, 1995, is affirmed, without costs or disbursements, upon the condition that the defendants pay to the plaintiff the sum of $5,000 within 20 days after service upon them of a copy of this decision and order, with notice of entry; in the event that the condition is not complied with, then the order is reversed, with costs, and the defendants' motions are denied; and it is further,

Ordered that the appeal from the order entered September 19, 1995, is dismissed as academic in light of the determination of the appeal from the order entered August 16, 1995.

Upon our review of the record, we find that the Supreme Court properly exercised its discretion in granting the defendants' motions to vacate their default in appearing in this action. The affidavits which the defendants submitted in support of their motions reveal sharp factual disputes surrounding the accident which allegedly caused the plaintiff's injuries. Considering the existence of a possible meritorious defense, the lack of willfulness on the part of the defendants, and the strong public policy in favor of resolving cases on the merits, we agree, as a matter of discretion, that the defendants' default in appearing should be excused *(see, Paz v Long Is. R. R. Co.,* 204 AD2d 611; *Robles v Grace Episcopal Church,* 192 AD2d 515; *Albin v First Nationwide Network Mtge. Co.,* 188 AD2d 575).

Although it was not an improvident exercise of discretion to excuse the defendants' default, the court should have granted the plaintiff's request to condition vacatur upon the payment of a monetary sanction pursuant to CPLR 5015 (a), which

authorizes the court to relieve a party from a default "upon such terms as may be just". Here, the record establishes that the plaintiff's attorney was obligated to pay an expert witness the sum of $5,000 to testify on the plaintiff's behalf at the damages inquest. In view of the fact that the defendants did not seek to vacate their default until after the matter had proceeded to inquest and a default judgment was entered, we find it appropriate to condition our affirmance upon the payment of the sum of $5,000 to compensate the plaintiff for the cost of its expert witness as well as for the inconvenience and additional legal work which emanated from the delay *(see, Paz v Long Is. R. R. Co., supra; Albin v First Nationwide Network Mtge. Co., supra; Damselle, Ltd. v 500-512 Seventh Ave. Assocs.,* 184 AD2d 367). Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.