■ Gerald Point Du Jour, Respondent, v Pierre DeJean et al., Appellants. [668 NYS2d 639] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Held, J.), dated February 21, 1997, which, upon reargument, granted the plaintiff's motion for leave to vacate the dismissal of the complaint upon his default in appearing for trial, which motion had been denied by an order of the same court, dated December 2, 1996, and restored the case to the calendar on condition that the plaintiff pay a sanction of $500 to the Supreme Court, Kings County, by March 20, 1997.

Ordered that the order is modified, on the law, by deleting therefrom the provision which conditioned the vacatur of the plaintiff's default upon payment of $500 to the Supreme Court, Kings County, by March 20, 1997, and substituting therefor a provision conditioning the vacatur of the plaintiff's default upon payment by the plaintiff of the sum of $500 to the defendants' attorneys within 20 days after service upon him of a copy of this decision and order, with notice of entry; as so modified, the order is affirmed, without costs or disbursements; in the event this condition is not complied with, then the order dated February 21, 1997, is reversed, on the law, with costs, and the order dated December 2, 1996, is reinstated.

The Supreme Court properly exercised its discretion in grant-

ing the plaintiff's motion for leave to vacate the dismissal of the complaint upon his default in appearing for trial. The affidavits of the plaintiff and a witness to the underlying incident demonstrated both a reasonable excuse for the default, i.e., an illness which prevented the plaintiff from traveling from Boston, and a meritorious cause of action (*see, Peterson v Scandurra Trucking Co.*, 226 AD2d 691; *Matter of McCaffrey v McCaffrey*, 210 AD2d 409).

An order relieving a party from a default may be conditioned on payment of monetary sanctions pursuant to CPLR 5015 (a) (*see, Paz v Long Is. R. R. Co.*, 204 AD2d 611; *Workman v Amato*, 231 AD2d 627). However, those sanctions are to be paid to the opposing party or counsel and not to the Supreme Court. The order appealed from has therefore been modified accordingly. Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.