■ PM-OK Associates, Appellant-Respondent, v Jeffrey E. Britz et al., Defendants, Frank Hagen, Jr., Respondent-Appellant, and Oklahoma City Associates, Respondent. [681 NYS2d 500] —Order, Supreme Court, New York County (Richard Braun, J.), entered January 5, 1998, which, *inter alia,* granted that part of plaintiff's motion pursuant to CPLR 3215 seeking a default judgment against defendant Frank Hagan, Jr. and denied that part of the motion seeking the same relief against Oklahoma City Associates (OCA) and dismissed the complaint against OCA as abandoned pursuant to CPLR 3215 (c) on the

ground that plaintiff failed to timely take proceedings for the entry of a default judgment within one year after service of the summons and complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to deny plaintiff's motion as to both defendant OCA and defendant Frank Hagan, Jr. and to permit those defendants to serve their answers to the complaint within 20 days of service upon them of a copy of this Court's order with notice of entry, and otherwise affirmed, without costs.

Contrary to the IAS Court's holding, a complaint shall not be dismissed as abandoned, pursuant to CPLR 3215 (c), unless a plaintiff has failed to take proceedings for entry of a default judgment against the defendant within one year "after the default", not within one year after service of the summons and complaint. Since it is undisputed that the summons and complaint in this action were served on OCA on April 3, 1996, OCA's time to answer expired on May 3, 1996 and plaintiff's motion for entry of a default judgment served on April 16, 1997 was therefore timely made within one year of OCA's default (see, Q.P.I. Rests. v Slevin, 93 AD2d 767, 768).

Likewise, any deficiency in the affidavit of service as to whether the person served was an "authorized person" under CPLR 310, an issue raised by the court, sua sponte, is merely a nonjurisdictional irregularity and would not defeat an otherwise properly commenced action (Bell v Bell, Kalnick, Klee & Green, 246 AD2d 442). In any event, the issue was not raised by the defendants below and the status of the person served cannot be determined on this record.

Thus, despite the failure of defendants OCA and Hagan to cross-move to vacate their defaults pursuant to CPLR 5015, the IAS Court should have considered the merits of their opposition to plaintiff's motion (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:24, at 568). Such opposition consisted of affirmations and affidavits setting forth excusable default as a result of miscommunication and misunderstanding between the comptroller for the property manager of defendant OCA and counsel for all other defendants. These two defendants had been assured by the comptroller that defendant Jeffrey E. Britz would be retaining an attorney in New York City to defend this action on behalf of all defendants; however, counsel was not advised that he was being retained to defend OCA and Hagan and, in reliance upon that assurance, they were unaware of their default until plaintiff made its motion almost one year later. Defendant Hagan also submitted an affidavit of merit refuting plaintiff's

fourth cause of action seeking an accounting from OCA and alleging a breach of his fiduciary duty to afford plaintiff access to OCA's books and records. Accordingly, given our strong policy in favor of determining actions on their merits and, in the absence of any apparent prejudice to plaintiff, its motion seeking entry of a default judgment against defendants OCA and Hagan should have been denied and those defendants given an opportunity to interpose their answers.

We reject plaintiff's contention that defendants' cross-appeal, which is specifically limited in the notice of appeal to that part of the order appealed from as "granted plaintiff's motion for default judgment against defendant Frank Hagan", should be dismissed inasmuch as no appeal lies from an order granting a default judgment, but only from an order denying a motion to vacate a default judgment (*see*, CPLR 5511; *Batra v State Farm Fire & Cas. Co.*, 205 AD2d 480). Although the order appealed from granted plaintiff's motion for entry of a default judgment pursuant to CPLR 3215, such motion was contested and the order appealed from was not granted on default. Concur—Sullivan, J. P., Rosenberger, Wallach, Mazzarelli and Andrias, JJ.