■ KATHERINE LEARY, Respondent, v POU POUNE, INC., Defendant, and HISASHI KOBAYASKI, Individually and as Partner in Hoskob Associates, et al., Appellants. [708 NYS2d 108] —Order, Supreme Court, New York County (Louise Gruner-Gans, J.), entered on or about August 26, 1999, which granted plaintiff a default judgment and denied the cross-motion of defendant Hoskob Associates (hereinafter Hoskob) to vacate the default and for leave to file an answer, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs to plaintiff, the motion for default judgment denied, the cross-motion granted, the default judgment vacated, and the action restored and remanded for further proceedings upon condition that defendant Hoskob's attorney pay $1,000 to counsel for plaintiff within 30 days of the date of this order. Appeal from order, same court and Justice, entered December 30, 1999, unanimously dismissed, without costs, in view of the foregoing.

Upon a showing of a lack of prejudice and a meritorious defense, a default judgment may be vacated and the action restored despite the existence of egregious law office failure (see, Martinez v New York City Tr. Auth., 183 AD2d 587). The failure to file an answer was clearly due to the derelictions of Hoskob's attorney. The record rebuts the presumption of abandonment or willfulness on the part of defendant. Therefore, Hoskob should not be deprived of its day in court by its attorney's neglect (Martinez v New York City Tr. Auth., supra). There is a sufficient showing of a meritorious defense based on the absence of control necessary to impose liability upon Hoskob, an out-of-possession landlord with a mere right of re-entry (see, Brooks v Dupont Assocs., 164 AD2d 847). Further, there is a lack of prejudice to plaintiff since defendant participated in discovery (see, PM-OK Assocs. v Britz, 256 AD2d 151). Accordingly, vacatur of the default is proper.

The egregious neglect of Hoskob's attorney is inexcusable and we deem it appropriate to require counsel to pay plaintiff's attorney $1,000 as a condition of restoring the action to the calendar. Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.