■ ELIZABETH STREET, INC., Appellant, v 217 ELIZABETH STREET CORP. et al., Respondents. [744 NYS2d 116] —Order, Supreme Court, New York County (Edward Lehner, J.), entered June 21, 2001, which, in an action for specific performance and damages arising out of an alleged partially performed oral contract for the sale of realty, inter alia, denied plaintiff's motion to add as a party plaintiff the individual who owns 100% of plaintiff's parent company's stock, unanimously affirmed, without costs. Order, same court and Justice, entered December 13, 2001, which, inter alia, denied plaintiff's motion to extend its notice of pendency and directed any public official with authority to vacate such notice of pendency from the pub-

lic record, and granted defendants' cross motion to dismiss plaintiff's cause of action for damages for failure to provide a further bill of particulars itemizing damages as directed in a prior order, unanimously modified, on the law and the facts, to condition the dismissal of the cause of action for damages upon plaintiff's failure to pay defendants' attorneys $2,500, and otherwise affirmed, without costs. Judgment, same court and Justice, entered January 10, 2002, dismissing plaintiff's cause of action for damages, unanimously reversed, on the law and the facts, without costs, and vacated.

Since plaintiff's notice of pendency expired in May 2001 and plaintiff did not move to extend it until August 2001, the motion court correctly viewed the notice of pendency as an expired nullity that could not be revived (*see, Matter of Sakow*, 97 NY2d 436, 442). The court also properly denied plaintiff's motion to add its once-removed principal as a party plaintiff. The principal was not a party to the alleged oral agreement with defendants, and while he may have suffered losses in an effort to ensure that plaintiff had sufficient funds to consummate the transaction, no basis exists to depart from the general rule that a shareholder has no individual cause of action for a wrong committed against a corporation "though he loses the value of his investment or incurs personal liability in an effort to maintain the solvency of the corporation" (*Abrams v Donati*, 66 NY2d 951, 953). However, plaintiff's cause of action for damages should not have been dismissed based on its failure to provide a bill of particulars within the time limit set in a prior order, where the delay was neither prolonged nor part of a history of disobeying court orders, and we modify as indicated (*see, Leary v Pou Poune, Inc.*, 273 AD2d 8). We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Marlow, JJ.