■ HYDE PARK MOTOR COMPANY, INC., Appellant, v MARY SUCATO, Respondent. [808 NYS2d 703]—

In an action to recover for damage to property, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated March 17, 2004, which denied its motion to vacate an order of preclusion, dated January 27, 2004, entered on its default in responding to disclosure demands.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the motion and substituting therefor a provision granting the motion on condition that the plaintiff provides the defendant with all outstanding disclosure, and on further condition that the plaintiff's attorney personally pays a sanction in the sum of $1,500 to the defendant for defending the motion and further providing that in the event the conditions are not complied with, then the motion is denied; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the outstanding disclosure shall be provided and the sanction shall be paid within 30 days after service upon the plaintiff and its attorney of a copy of this decision and order.

The plaintiff owns an automobile dealership. It commenced this action to recover damages allegedly caused when the defendant struck a new vehicle being offered for sale while driving her vehicle on the defendant's lot. The defendant moved for an order of preclusion based on the plaintiff's failure to provide demanded disclosure (see CPLR 3126). The motion was granted on the plaintiff's default. The plaintiff subsequently moved to vacate its default alleging, inter alia, law office failure. The Supreme Court denied the motion. We modify.

The plaintiff's excuse of law office failure was reasonable. Additionally, although the amount of damages is disputed, it apparently is undisputed that the defendant's vehicle struck the plaintiff's vehicle. Thus, in light of the strong public policy in favor of resolving cases on the merits, the lack of prejudice to the defendant, and the lack of evidence that the default was intentional or part of a pattern of default or neglect by the plaintiff, vacatur of the default should be conditioned on the plaintiff providing the defendant with all outstanding disclosure, and the payment of a monetary sanction (see CPLR 2005, 5015 [a] [1]; Kumar v Yonkers Contr. Co., Inc., 14 AD3d 493 [2005]; Abrams v City of New York, 13 AD3d 566 [2004]; Carnazza v Shoprite of Staten Is., 12 AD3d 393 [2004]; Henry v Kuveke, 9 AD3d 476, 479 [2004]; see also Workman v Amato, 231 AD2d

627 [1996]; *Levine v Aetna Cas. & Sur. Co.*, 188 AD2d 640 [1992]). Prudenti, P.J., S. Miller, Ritter and Goldstein, JJ., concur.