■ CARLOS MUNROE, Appellant, v REGINALD MANNING, Respondent. [840 NYS2d 917]—In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated October 4, 2006, which granted the defendant's motion to vacate a judgment of the same court dated May 9, 2006, which, upon an order of the same court dated December 23, 2005, granting his motion for leave to enter judgment against the defendant upon his default in appearing or answering the complaint, was in favor of him and against the defendant in the principal sum of $1,000,000.

Ordered that the order is modified, on the law and in the exercise of discretion, by adding a provision thereto conditioning vacatur of the judgment upon payment by the defendant to the plaintiff of the sum of $10,000; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the defendant's time to pay the sum of $10,000 to the plaintiff is extended until 20 days after service upon him of a copy of this decision and order.

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in granting the defendant's motion to vacate his default in answering or appearing (*see Harcztark v Drive Variety, Inc.,* 21 AD3d 876 [2005]; *Seccombe v Serafina Rest. Corp.,* 2 AD3d 516 [2003]). However, under all of the circumstances of this case, and in the exercise of our discretion, we conclude that vacatur of the default should have been conditioned upon the payment by the defendant to the plaintiff of the sum of $10,000 (*see* CPLR 5015 [a] [1]; *Hyde Park Motor Co., Inc. v Sucato,* 24 AD3d 724 [2005]; *Levine v Aetna Cas. & Sur. Co.,* 188 AD2d 640 [1992]; *Folk v State of New York,* 185 AD2d 267 [1992]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.