■ ADMIRAL INSURANCE COMPANY et al., Appellants, v MARRIOTT INTERNATIONAL, INC., et al., Respondents, et al., Defendants. [915 NYS2d 31]—

Order, Supreme Court, New York County (Louis B. York, J.), entered April 2, 2009, which granted defendant Eagle One's motion to vacate a default judgment, reversed, on the law, without costs, the motion denied and the default reinstated. Order, same court and Justice, entered August 19, 2009, which, inter alia, granted the Marriott defendants' motion for summary judgment dismissing the complaint as against them, modified, on the law, to vacate the dismissal and to declare that the Marriott defendants are not obligated to defend and indemnify plaintiff Townhouse Management Co. in connection with the underlying personal injury action, and otherwise affirmed, without costs.

Eagle One's motion to vacate the default judgment should have been denied because the only excuse it proffered for its default was a perfunctory and unsubstantiated claim of law office failure, which does not constitute a reasonable excuse (*see Okun v Tanners*, 11 NY3d 762 [2008]; *AWL Indus., Inc. v QBE Ins. Corp.*, 65 AD3d 904, 906 [2009]). Accordingly, consideration of the merits of Eagle One's defense is unnecessary (*see Time Warner City Cable v Tri State Auto*, 5 AD3d 153, 153 [2004], *appeal dismissed* 3 NY3d 656 [2004]). Eagle One's contention, raised for the first time on appeal, that the motion to enter judgment on default was untimely because it was made more than one year after the default is not entitled to consideration (*see Cohn v Goldman*, 76 NY 284, 287 [1879]; *Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988] [a party is prohibited from arguing on appeal a theory not advanced before the court of original instance]) and, in any event, is devoid of merit. Eagle One erroneously measures the default from the date of service of the summons and complaint rather than from

the date on which its answer was due (*see PM-OK Assoc. v Britz*, 256 AD2d 151, 152 [1998]).

Subject to one qualification, Supreme Court correctly concluded that Marriott's obligations to indemnify and procure insurance coverage were contingent on the lease commencement date and substantial completion of the construction work on the building it was to occupy pursuant to its master lease agreement (MLA). That construction of the MLA is supported by its plain language, and a contrary interpretation would not be commercially reasonable (*see Matter of Lipper Holdings v Trident Holdings*, 1 AD3d 170, 171 [2003]), insofar as it would require the party without any control over the construction work to indemnify the party exercising plenary authority over that work. To be sure, the last sentence of section 2.6 of the MLA provides that Marriott's duty to indemnify under section 12.1 is triggered by "[a]ny entry onto the Property prior to the Lease Commencement Date by [Marriott], its employees, inspectors, contractors or agents." But this exception proves the rule as the last sentence of section 2.6 would be surplusage if plaintiffs were correct that Marriott assumed the indemnification obligations as soon as the MLA became binding (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]). Plaintiffs' fallback argument—that issues of fact exist as to the effectiveness of the lease—is without merit. As Supreme Court found, plaintiffs raise no issue of material fact that substantial completion had not occurred at the time of the underlying accident.

Contrary to the concurrence's apparent view, plaintiffs do not argue that Marriott's obligation to indemnify under the MLA arises in the first instance under the last sentence of section 2.6. Notably, moreover, plaintiffs allege in their complaint that they are entitled to be indemnified under the MLA because of the provisions of section 12.1. To the extent that plaintiffs are contending nonetheless that Marriott is required to indemnify them because of the last sentence of section 2.6, we reject it for the simple reason that any such argument is raised for the first time in plaintiffs' reply brief. Pursuant to the last sentence of section 12.1, Marriott is not obligated to indemnify (regardless of whether the duty to indemnify assertedly arises in the first instance under section 12.1 or the last sentence of section 2.6) with respect to a claim arising out of negligent acts (and certain omissions) of the landlord or its agents, employees or contractors. Thus, such an argument does not raise a pure issue of law that can be raised on appeal for the first time (*see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp.*, 65 AD3d 405, 408 [2009]).

The concurrence's position with respect to that argument is premised on a cross motion made by Marriott and the failure of plaintiffs to contest a factual assertion made by Marriott in the cross motion. The cross motion, however, was made by *plaintiffs*, not Marriott. Moreover, Marriott does not argue in its brief that plaintiffs should be deemed to have conceded that the accident resulted from the landlord's negligence (*see Misicki v Caradonna*, 12 NY3d 511, 519 [2009] ["to decide this appeal on a distinct ground that we winkled out wholly on our own would pose an obvious problem of fair play"]).

We modify to make the declaration that the motion court intended but neglected to make (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Concur—Sweeny, Catterson and McGuire, JJ.

Tom, J.P., and Román, J., concur in a separate memorandum by Tom, J.P., as follows: In this action arising out of a lease between nonparty 554-556 Third Avenue, LLC (landlord) and defendant Execustay Corp., plaintiffs seek a declaration that defendants are obligated to defend and indemnify plaintiff Townhouse Management Co., as landlord's managing agent, in connection with an underlying personal injury action. The underlying action has been settled by Townhouse and the settlement sum paid by plaintiff Admiral Insurance Co., which appears as subrogee. The parties dispute whether the lease and its indemnification provision were in effect on the date of the injury.

Execustay Corp., described in the complaint together with defendant Marriott Execustay as a "division or brand" of defendant Marriott International, Inc. (collectively, Marriott), entered into the subject master lease agreement with landlord on August 8, 2000. The lease agreement contemplates that Execustay (tenant) and landlord would cooperate in the design of an executive hotel to be constructed by landlord "at its sole cost and expense" and leased thereafter by tenant for a 15-year term beginning on the "Lease Commencement Date." The agreement contains mutual covenants providing indemnity to each party and its agents against liability arising out of the other party's activities on the premises. Section 2.10 of the agreement provides that the lease will commence on the date any apartment is occupied for residential purposes or upon substantial completion of the premises, which under section 2.11 requires "certificates from the Architect, the Engineer, the General Contractor and the Interior Designer . . . and a certificate of occupancy authorizing occupancy and use of the Building and the Apartments for the purposes contemplated herein." Section 2.6 provides that

"[a]ny entry onto the Property prior to the Lease Commencement Date by the Tenant, its employees, inspectors, contractors or agents shall be subject to the indemnification provisions set forth in Section 12.1." That section, upon which this action is predicated, requires tenant to indemnify "Landlord, Landlord's Mortgagee and Landlord's managing agent" against, inter alia, "injury . . . sustained within the Building or the Apartments," but excludes claims arising out of the negligent acts "of Landlord or its agents, employees or contractors." Finally, the lease agreement provides that each party will maintain commercial general liability insurance throughout the lease term naming the other party and its agents as additional insureds.

On October 29, 2003, Faith S. Luck, Marriott's employee, was performing an inspection of the building. According to her deposition testimony, she was in the process of inspecting an apartment on the 25th floor of the 26-story building when she slipped on water that had accumulated on the floor, sustaining injury to her elbow.

On its motion to dismiss plaintiffs' instant action, Marriott argued that (1) the lease was not in effect on October 29, 2003, the date Marriott's inspector was injured, and (2) even if the lease were presumed to be in effect, the injury was the result of the negligence of landlord, its employees, agents or contractors and thus outside the ambit of the indemnification provision. In opposition, plaintiffs argued only that the lease was "in full force and effect" at the time of the accident, obliging defendants to provide indemnification. Alternatively, they argued that questions of fact concerning whether the work in the building had been substantially completed at the time Ms. Luck sustained injury preclude summary judgment.

Supreme Court held that the lease was not in effect on the date of the accident and that "plaintiffs cannot benefit from the indemnification provision contained therein." The court noted that plaintiffs alleged neither that any apartments had been occupied on the accident date nor that the a certificate of occupancy had been issued for the building. The court further noted that plaintiffs did not address the question of their negligence in connection with the accident, and in view of its holding, the court did not reach the issue.

Plaintiffs contend that Supreme Court erred in ruling against them, restating the arguments made on the motion—that the lease was in effect or, alternatively, that factual issues are presented with respect to its effectiveness. For the first time on appeal, they argue that while there may be some question whether the lease was in effect on the date of the accident, the indemnity

provided in section 12.1 is neither limited by the lease commencement date nor confined to the lease term. Plaintiffs do not address Marriott's contention that the accident was the result of landlord's negligence and, thus, not within the scope of section 12.1.

At the outset, it should be noted that a complaint seeking a declaratory judgment is not properly dismissed even where the plaintiff has not established entitlement to the declaration sought (*Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Where, as here, a disposition is reached on the merits, the court should issue a declaration (*Hirsch v Lindor Realty Corp.*, 63 NY2d 878, 881 [1984]; *see also Daley v M/S Capital NY LLC*, 44 AD3d 313, 315 [2007]).

Supreme Court correctly decided that the lease was not in effect on the date of the accident. An indemnity provision is strictly construed, and a contract is deemed to indemnify a party against liability for its own negligence only where such an intent is clearly indicated by " 'the language and purpose of the entire agreement and the surrounding facts and circumstances' " (*Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 417 [2006], quoting *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]). To recover against Marriott under the indemnification provision of the lease, plaintiffs (landlord's agents and assigns) are required to establish not only that the provision was effective, but also that the surrounding facts and circumstances clearly support its enforcement against Marriott (*id.*).

The conditions specified for commencement of the lease, particularly the occupancy of apartments for residential use or the issuance of the requisite certificates, had not been fulfilled at the time the underlying action accrued. Indeed, a consultant for the construction contractor gave deposition testimony that the building was only 80% to 90% enclosed on the date Ms. Luck slipped on water that had accumulated in a 25th-floor apartment, a floor the consultant testified was still under construction at the time. Because plaintiffs' only argument for recovery under the indemnification provision before Supreme Court was that "the lease agreement and its indemnification provision were in full force and effect" at the time of the accident, the court was correct to deny plaintiffs' motion for summary judgment.

Plaintiffs challenge the propriety of the grant of summary judgment to Marriott, advancing the novel argument that even though the lease might not have been in effect, the indemnity provided under the parties' master lease agreement included,

under section 2.6, inspections by tenant or its agents "prior to the Lease Commencement Date." Raising this contention for the first time on appeal presents plaintiffs with a problem of proof. As the proponent of the indemnification provision, plaintiffs have the burden to establish that any condition precedent to Marriott's obligation to indemnify has been fulfilled (*see Great N. Ins. Co.*, 7 NY3d at 417). "The party who sues on a promise has the burden of proving that conditions precedent attached to the duty to perform that promise were complied with, otherwise there would be no breach of that promise" (Calamari & Perillo, Contracts § 11.7, at 363 [6th ed]; *see Lindenbaum v Royco Prop. Corp.*, 165 AD2d 254, 258 [1991]; *Strader v Collins*, 280 App Div 582, 586 [1952]). Among the conditions plaintiffs must establish to support enforcement of the indemnification provision against Marriott is that the accident does not fall within the exception for injury resulting from the negligence "of Landlord or its agents, employees or contractors." On its cross motion, Marriott contended that Ms. Luck sustained injury because landlord's contractor permitted an unsafe condition—the accumulation of standing water—to exist on the 25th floor and, as noted, plaintiffs have permitted this allegation to go uncontroverted.

Where, as here, there is a cross motion and no party contests a factual assertion, "there is, in effect, a concession that no question of fact exists" (*Kuehne & Nagel v Baiden*, 36 NY2d 539, 544 [1975] ["Facts appearing in the movant's papers which the opposing party does not controvert, may be deemed to be admitted"]; *see also G. B. Kent & Sons v Helena Rubinstein, Inc.*, 47 NY2d 561, 565 [1979] [parties submitting cross motions for summary judgment invite judicial resolution on the basis of their submissions on the motion]). Thus, even overlooking the rule that a party may not "argue on appeal a theory never presented to the court of original jurisdiction" (*Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988], citing *Huston v County of Chenango*, 253 App Div 56, 60-61 [1937], *affd* 278 NY 646 [1938]; *see e.g. Sean M. v City of New York*, 20 AD3d 146, 149-150 [2005]), by failing to contest Marriott's factual assertion, plaintiffs have conceded that the accident resulted from landlord's negligence. Thus, the injury is excepted from tenant's obligation to indemnify landlord by the express terms of the lease agreement, and plaintiffs cannot prevail on their indemnity claim, even under their novel theory (*see Arteaga v 231/249 W 39 St. Corp.*, 45 AD3d 320, 321 [2007] [indemnification claim dismissed on the basis of uncontroverted assertions]).