■ Erickson Air-Crane Incorporated, Appellant, v EAC Holdings, L.L.C., Respondent. [927 NYS2d 320]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered September 1, 2010, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.

The relationship of the parties was controlled by a stock purchase agreement, which provided that the exclusive remedy of either party alleging a breach of warranty would be indemnification. The procedure set forth in article 9 of the stock purchase agreement makes any demand for indemnification for payment made on third-party claims "contingent" upon the demanding party's compliance with the notice and consent to settlement provisions therein. These provisions give the potential indemnifying party the right to receive timely notice of the third-party claim, to participate in the settlement negotiations or assume the defense of the claim, and to consent to a settlement of the claim. Plaintiff's conceded failure to comply with these express conditions when it unilaterally settled certain third-party claims is fatal to its demand for indemnification (*see MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009] ["Express conditions must be literally performed"]; *see e.g. Merchants Bank of N.Y. v Israel Discount Bank of N.Y.*, 200 AD2d 540 [1994]; *see also Admiral Ins. Co. v Marriott Intl., Inc.*, 79 AD3d 572, 573 [2010]).

Contrary to plaintiff's argument, the contested language of article 9 is susceptible to only one reasonable interpretation (*see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 60 AD3d 61, 67 [2008] ["clear contractual language does not become ambiguous simply because the parties . . . argue different interpretations"], *affd* 13 NY3d 398 [2009]). We also reject plaintiff's argument that defendant was required to show it was prejudiced by plaintiff's failure to provide notice of the asserted third-party claims; the cited provision of article 9 refers to prejudice arising from late notice, not the absence of any notice whatsoever. Concur—Andrias, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.