McMahon v Cobblestone Lofts Condominium (2020 NY Slip Op 07317)





McMahon v Cobblestone Lofts Condominium


2020 NY Slip Op 07317


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Index No. 151136/14 Appeal No. 12568 Case No. 2020-01442 

[*1]Shane McMahon et al., Plaintiffs-Respondents,
v
The Cobblestone Lofts Condominium, Defendant-Appellant, The Andrews Organization Formerly Known as Andrews Building Corporation, et al., Defendants, Walter B. Melvin Architects, LLC, Defendant-Respondent, 7 Vestry LLC, et al., Cross-Claim Defendants.
The Cobblestone Lofts Condominium, et al., Third-Party Plaintiffs,
v
Nova Restoration of NY Inc., et al., Third-Party Defendants.
The Cobblestone Lofts Condominium, et al., Second-Third-Party Plaintiffs,
v
Olmsted Environmental Services Inc., et al., Second Third-Party Defendants.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Joseph A.H. McGovern of counsel), for appellant.
Gordon Law LLP, Katonah (Michael R. Gordon of counsel), for Shane McMahon and Marissa McMahon, respondents.
Goldberg Segalla LLP, New York (Jeffrey S. Matty of counsel), for Walter B. Melvin, Architects, LLC, respondent.

[*2]

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered July 19, 2019, which, to the extent appealed as limited by the briefs, denied the motion of Cobblestone Lofts Condominium (Cobblestone) to vacate the note of issue and compel production of an unredacted settlement agreement between plaintiffs and third-party defendant Walter B. Melvin Architects, LLC (WBMA), unanimously affirmed, without costs.
Cobblestone's argument that plaintiffs and WBMA failed to timely object to their discovery demands is unpreserved for review, as it was never raised before the IAS court (see ID Beauty S.A.S. v Coty Inc. Headquarters, 164 AD3d 1186, 1186 [1st Dept 2018]; see also Admiral Ins. Co. v Marriott Intl., Inc., 79 AD3d 572, 572 [1st Dept 2010], lv denied 17 NY3d 708 [2011]). Moreover, the timeliness of plaintiffs' and WBMA's objections is not a pure question of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (see e.g. Martinez v City of New York, 175 AD3d 1284, 1285 [2d Dept 2019]; see also R&B Design Concepts Inc. v Wenger Constr. Co., Inc., 153 AD3d 864 [2d Dept 2017]).
Plaintiffs and WBMA complied with the IAS court's preliminary conference order, which explicitly limited disclosure to a redacted settlement agreement revealing only the release language and settlement amount. Counsel for Cobblestone did not object to the IAS court's directive or move to reargue its order. Thus, the IAS court providently denied Cobblestone's motion to strike the note of issue, as there was no outstanding discovery when plaintiffs filed the note of issue and the certificate of readiness contained no factual errors (see Pannone v Silberstein, 40 AD3d 327, 328 [1st Dept 2007]). In any event, Cobblestone failed to demonstrate that the unredacted settlement agreement terms that it sought were material or necessary to its defense or claims (see CPLR 3101(a); Matter of New York County Data Entry Worker Prod. Liab. Litig., 222 AD2d 381 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020