Isufi v ProMetal Constr., Inc. (2022 NY Slip Op 07191)

Isufi v ProMetal Constr., Inc.

2022 NY Slip Op 07191

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Kern, J.P., Friedman, Gesmer, González, Mendez, JJ. 

Index No. 653265/12, 595237/15 Appeal No. 16935 Case No. 2022-00761 

[*1]Durim Isufi et al., Plaintiffs-Respondents,
v
ProMetal Construction, Inc., Defendant-Appellant, STV Construction, Inc., Defendant, RLI Insurance Company, Defendant-Respondent. [And a Third-Party Action] 

Venable LLP, New York (Brian G. Lustbader of counsel), for appellant.
Virginia & Ambinder, LLP, New York (LaDonna Lusher of counsel), for Durim Isufi and Enver Kllogjeri, respondents.
Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho (Mark S. Gamell of counsel), for RLI Insurance Company, respondent.

Order, Supreme Court, New York County (Debra James, J.), entered January 25, 2022, which, upon granting plaintiffs leave to reargue their motion for full and final approval of the class action Settlement Agreement and Release dated November 2019, granted the motion, approved the settlement as fair, reasonable, and adequate, and awarded class counsel attorneys' fees in the amount of $990,000, unanimously affirmed, with costs.
Contrary to defendant Pro-Metal Construction, Inc.'s contention, the court ensured that the settlement approval process was fair and did not abuse its discretion in granting final approval of the settlement. During the fairness hearing, the court engaged in a prolonged colloquy with defense counsel about Pro-Metal's standing to invoke the rights of class members, and entertained at length Pro-Metal's arguments that the mediator exceeded his authority and created a two-class system of claimants. Thus, Pro-Metal's contention that the court simply adopted the mediator's conclusions without conducting its own fairness determination or considering Pro-Metal's objections is unsupported. Furthermore, the participation of a neutral mediator in the parties' negotiations supports a finding that the negotiations were conducted fairly and at arm's length.
As to Pro-Metal's contention that it had not been afforded an opportunity to conduct sufficient meaningful discovery, Pro-Metal may not use this appeal from final approval of the settlement to relitigate the motion court's prior discovery rulings, which Pro-Metal did not appeal.
We decline to consider Pro-Metal's challenge to class counsel's fee award, as it is raised for the first time on appeal (see Admiral Ins. Co. v Marriott Intl., Inc., 79 AD3d 572, 572 [1st Dept 2010], lv denied 17 NY3d 708 [2011]).
We have considered Pro-Metal's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022