Kirakoe v Claim Check 345 Sheffield Parking, LLC (2025 NY Slip Op 50184(U))

[*1]

Kirakoe v Claim Check 345 Sheffield Parking, LLC

2025 NY Slip Op 50184(U)

Decided on February 7, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 7, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-1353 K C

Saidou Kirakoe, Appellant,
against
Claim Check 345 Sheffield Parking, LLC, Respondent. 

Law Office of Craig K. Tyson (Craig K. Tyson of counsel), for appellant.
Law Offices of Jaime Lathrop, P.C. (Jaime Lathrop of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Heela D. Capell, J.), entered May 16, 2023. The order denied plaintiff's motion to, in effect, vacate an order of that court entered April 4, 2023 dismissing the action upon plaintiff's default in appearing for trial.

ORDERED that the order is reversed, without costs, and plaintiff's motion to, in effect, vacate the April 4, 2023 dismissing the action is granted on the condition that plaintiff, within 30 days of the date of this decision and order, pay the sum of $250 to defendant; otherwise, the order is affirmed, without costs.
Plaintiff commenced this action, which sounds in conversion, by the filing of a summons with endorsed complaint on February 23, 2022. Plaintiff failed to appear on an adjourned trial date and, by order entered April 4, 2023, the Civil Court dismissed the action (see 22 NYCRR 208.14 [b] [2]). In May 2023, plaintiff moved to, in effect, vacate the April 4, 2023 order, asserting in an affidavit that he had been out of the country visiting his sick father on the trial date and that defendant had sold plaintiff's vehicle "for no reason." By order entered May 16, 2023, the Civil Court denied plaintiff's motion. On appeal, plaintiff, among other things, [*2]consents to the imposition of a $250 sanction against him as a condition of the opening of his default.
To be relieved of his default in appearing for trial pursuant to CPLR 5015 (a) (1), plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Messinger v FCA US, LLC, 58 Misc 3d 159[A], 2018 NY Slip Op 50253[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). The determination of what constitutes a reasonable excuse sufficient to open a default lies within the sound discretion of the motion court (see Matter of Gambardella v Ortov Light., 278 AD2d 494 [2000]; see also Harcztark v Drive Variety, Inc., 21 AD3d 876 [2005]). " 'However, in making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits' " (2 Lisa Ct. Corp. v Licalzi, 228 AD3d 905, 907 [2024], quoting Quercia v Silver Lake Nursing Home, Inc., 176 AD3d 1244, 1246 [2019]). An order relieving a party from a default may be conditioned on payment of monetary sanctions to the opposing party (see CPLR 5015 [a]; Hudson v Gouldbourne, 83 AD3d 1001, 1001 [2011]; Du Jour v DeJean, 247 AD2d 370, 371 [1998]).
Here, under the circumstances of this case, plaintiff demonstrated a reasonable excuse for his default (see Arroyo v Starrett City, Inc., 170 AD3d 929, 930-931 [2019]; Rose Dev. Corp. v Nagi, 2 Misc 3d 130[A], 2004 NY Slip Op 50098[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). Plaintiff expeditiously moved to open his default, and there is no evidence that defendant was prejudiced by the delay or that plaintiff's default was willful (see Stango v Byrnes, 200 AD3d 821, 823 [2021]; Ferreira v Singh, 176 AD3d 782, 784 [2019]; Mortgage Elec. Registration Sys., Inc. v Dort-Relus, 166 AD3d 961, 962 [2018]). Moreover, plaintiff, through the endorsed complaint and his affidavit, demonstrated a potentially meritorious cause of action for conversion (see RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP, 195 AD3d 968, 970 [2021]; Polsky v Simon, 145 AD3d 693, 694 [2016]; cf. Puckerin v Pep Boys - Manny, Moe & Jack of Del., Inc., 63 Misc 3d 140[A], 2019 NY Slip Op 50577[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Consequently, plaintiff's motion to, in effect, vacate the order dismissing the action based upon his default in appearing for trial should have been conditionally granted (see Munroe v Manning, 43 AD3d 892, 892 [2007]; Hyde Park Motor Co., Inc. v Sucato, 24 AD3d 724, 724 [2005]).
Accordingly, the order is reversed and plaintiff's motion to, in effect, vacate the April 4, 2023 order is granted on the condition that plaintiff, within 30 days of the date of this decision and order, pay the sum of $250 to defendant. In the event that plaintiff fails to duly pay such sum, the order is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 7, 2025