■ ETHEL JONES et al., Respondents, v NEW YORK CITY HOUS-ING AUTHORITY, Appellant. [787 NYS2d 94]—In an action, inter alia, to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated June 25, 2003, which granted the plaintiffs' motion, in effect, to vacate a prior dismissal of the action and to restore the action to the trial calendar, and (2) an order of the same court, also dated June 25, 2003, which denied its cross motion for summary judgment dismissing the complaint.

Ordered that the orders are affirmed, with one bill of costs.

An action dismissed pursuant to 22 NYCRR 202.27 may be restored to the calendar only if the plaintiff demonstrates both a reasonable excuse for the default and a meritorious cause of action (*see Veramallay v Paim,* 5 AD3d 673 [2004]; *Kandel v Hoffman,* 309 AD2d 904, 905 [2003]; *Precision Envelope Co. v Marcus & Co.,* 306 AD2d 263, 264 [2003]; *Lopez v Imperial Delivery Serv.,* 282 AD2d 190, 197 [2001]). The Supreme Court properly vacated the dismissal of the action since the plaintiffs demonstrated a reasonable excuse and a meritorious cause of action.

Moreover, on its cross motion for summary judgment, the defendant failed to meet its initial burden of demonstrating that its alleged negligence in maintaining its premises was not a proximate cause of the accident (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). Therefore, the burden did not shift to the plaintiffs to raise a triable issue of fact, and the motion was properly denied (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.