■ Nicholas Tartaglione, Appellant, v Joseph Pugliese et al., Respondents. [824 NYS2d 132]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered April 26, 2005, as granted the motion of the defendants Joseph Pugliese, Ronald Trainham, the Village of Briarcliff Manor Police Department, and the Village of Briarcliff Manor, and the separate motion of the defendant Lawrence Adamitis, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In a prior federal action pursuant to 42 USC § 1983, the United States District Court for the Southern District of New York found that there was probable cause to support the plaintiff's arrest and prosecution for perjury and official misconduct. The United States Court of Appeals for the Second Circuit affirmed. Contrary to the plaintiff's contention, the probable cause issue was necessarily decided in the prior action dismissing the plaintiff's § 1983 claim, and that issue is decisive in disposing of the plaintiff's first three causes of action (*see Broughton v State of New York*, 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]; *Gisondi v Town of Harrison*, 72 NY2d 280, 283-284 [1988]; *Iorio v City of New York*, 19 AD3d 452 [2005]; *Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). Having had a full and fair opportunity to litigate the issue in the federal courts, the plaintiff is precluded from relitigating it in this forum (*see Matter of Juan C. v Cortines*, 89 NY2d 659, 667 [1997]; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). Therefore, the Supreme Court properly dismissed the plaintiff's first three causes of action on collateral estoppel grounds (*see* CPLR 3211 [a] [5]).

The Supreme Court also properly dismissed the plaintiff's fourth cause of action, as it failed to state a cause of action (*see* CPLR 3211 [a] [7]; Labor Law § 740 [2] [a]; Civil Service Law § 75-b [2] [a]). Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur.