■ DIMITRIOS PSOMATITHIS, Appellant, v TRANSOCEANIC CABLE SHIP CO., INC., Respondent. [832 NYS2d 808]—In an action, inter alia, to recover damages for personal injuries pursuant to the Jones Act (46 USC Appendix § 688), the plaintiff appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated December 22, 2004, which granted the defendant's motion for partial summary judgment dismissing the second cause of action to recover damages for failure to provide maintenance and cure except insofar as the second cause of action sought out-of-pocket expenses.

inter alia, to recover damages for personal injuries pursuant to the Jones Act (46 USC Appendix § 688), the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated December 22, 2005, which denied his motion, in effect, to vacate his default and to restore the action to the trial calendar, and (2) an order of the same court dated April 19, 2006, which denied his motion, denominated as one for leave to renew and reargue, but which was, in actuality, for leave to reargue his prior motion.

Ordered that the appeal from the order dated April 19, 2006, is dismissed; and it is further,

Ordered that the order dated December 22, 2005, is affirmed; and it is further,

Ordered that the one bill of costs is awarded to the respondent.

An action dismissed pursuant to 22 NYCRR 202.27 (b) may be restored if the plaintiff demonstrates both a reasonable excuse for the default and a meritorious cause of action (*see Jones v New York City Hous. Auth.*, 13 AD3d 489 [2004]; *Kandel v Hoffman*, 309 AD2d 904, 905 [2003]). Since the plaintiff failed to demonstrate that he had a reasonable excuse for the default and a meritorious cause of action, the Supreme Court properly denied the plaintiff's motion, in effect, to vacate his default and to restore the action to the trial calendar (*see* CPLR 5015 [a]; *Echevarria v Waters*, 8 AD3d 330 [2004]).

The plaintiff's subsequent motion, denominated as one for leave to renew and reargue, was not based on new evidence that was unavailable to him at the time of the original motion. Thus, the subsequent motion was, in actuality, one for leave to reargue, the denial of which is not appealable (*see Matter of Phillips v Goord*, 16 AD3d 422 [2005]; *Meehan v David J. Hodder & Son, Inc.*, 13 AD3d 593 [2004]). Schmidt, J.P., Santucci, Krausman and Covello, JJ., concur.