■ Lisa Di Giacomo Frangione et al., Appellants, v Barbara Daniels et al., Respondents. [843 NYS2d 427]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated November 16, 2006, which denied their motion, in effect, to vacate their default in appearing for trial, to vacate the dismissal of the action pursuant to 22 NYCRR 202.27 (b), and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

In this case, the plaintiffs' action was dismissed when neither the plaintiffs nor anyone on their behalf appeared on the date set for trial. Accordingly, in order to vacate the default and restore the action to the trial calendar, the plaintiffs were required to demonstrate both a reasonable excuse for the default and a meritorious cause of action (*see* 22 NYCRR 202.27; *Jones v New York City Hous. Auth.*, 13 AD3d 489 [2004]; *Kandel v Hoffman*, 309 AD2d 904, 905 [2003]). However, while the plaintiff Lisa Di Giacomo Frangione attempted, in her affidavit, to articulate a reasonable excuse for the plaintiffs' failure to appear for trial, there was nothing in her affidavit to establish that the plaintiffs had a meritorious cause of action. Accordingly, the Supreme Court properly denied the plaintiffs' motion, in effect, to vacate the default in appearing for trial, to vacate the dismissal of the action pursuant to 22 NYCRR 202.27 (b), and to restore the action to the trial calendar (*see* CPLR 5015

[a]; *Psomatithis v Transoceanic Cable Ship Co., Inc.*, 39 AD3d 837 [2007]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.