■ Surinder Sandhu, Appellant, v Mercy Medical Center, Respondent, et al., Defendant. [864 NYS2d 124]—

In an action to recover damages for breach of contract and defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated September 17, 2007, which granted that branch of the motion of the defendant Mercy Medical Center which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior action" (Barbieri v Bridge Funding, 5 AD3d 414, 415 [2004]; see Matter of Josey v Goord, 9 NY3d 386, 389 [2007]; Matter of Hunter, 4 NY3d 260, 269 [2005]). Under the transactional approach to res judicata applied in New York State, "once a claim is brought to

a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse,* 54 NY2d 353, 357 [1981]; *see Matter of ADC Contr. & Constr., Inc. v Town of Southampton,* 50 AD3d 1025 [2008]; *Matter of Waldman v Waldman,* 47 AD3d 638 [2008]).

Here, the Supreme Court properly granted that branch of the motion of the defendant Mercy Medical Center (hereinafter Mercy) which was to dismiss the breach of contract cause of action insofar as asserted against it. The plaintiff's contention relating to his termination for cause by the defendant Long Island Emergency Care, P.C. (hereinafter LIEC) on April 25, 2003 and the resultant loss of his medical staff privileges at Mercy, was adjudicated in an action entitled *Matter of Sandhu v Mercy Med. Ctr.* (35 AD3d 479 [2006]) commenced in the Supreme Court, Nassau County, under index No. 03-012882 (hereinafter *Sandhu I*), in which, inter alia, the challenges of the plaintiff (as petitioner) to the validity of the employment agreement were rejected on the merits. The contentions relating to breach of contract in the instant action are identical to those which were raised or could have been raised in *Sandhu I,* and the same parties are involved (*see Matter of Juan C. v Cortines,* 89 NY2d 659, 667 [1997]; *Tartaglione v Pugliese,* 34 AD3d 446 [2006]). Accordingly, Mercy was entitled to dismissal of the breach of contract cause of action insofar as asserted against it on the ground of res judicata (*see* CPLR 3211 [a] [5]; *Matter of ADC Contr. & Constr., Inc. v Town of Southampton,* 50 AD3d 1025 [2008]; *Sterngass v Soffer,* 27 AD3d 549 [2006]; *Barbieri v Bridge Funding,* 5 AD3d 414 [2004]).

Further, the Supreme Court properly granted that branch of Mercy's motion which was to dismiss the defamation cause of action as time-barred (*see* CPLR 215 [3]; 3211 [a] [5]; *Losco Group v Yonkers Residential Ctr.,* 276 AD2d 532 [2000]).

The plaintiff's remaining contention is academic in light of our determination. Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.

■ WILLIAM SANTIAGO, Respondent, v RAPHAEL SANTANA et al., Appellants. [864 NYS2d 122]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered October 17, 2007, which granted the plaintiff's motion, in effect, to vacate a judgment of the same court (Barone, J.), dated June 27, 2006, which, upon a

prior order of the same court dated April 4, 2006, granting the defendants' motion to dismiss the complaint upon his default in proceeding with trial, dismissed the complaint.

Ordered that the order entered October 17, 2007 is reversed, on the law, with costs, the judgment and the order dated April 4, 2006 are reinstated, and the motion is denied.

An action dismissed pursuant to 22 NYCRR 202.27 (b) may be restored if the plaintiff demonstrates both a reasonable excuse for the default and a meritorious cause of action (*see* CPLR 5015 [a] [1]; *Psomatithis v Transoceanic Cable Ship Co., Inc.*, 39 AD3d 837, 838 [2007]; *Watson v New York City Tr. Auth.*, 38 AD3d 532 [2007]; *Zeltser v Sacerdote*, 24 AD3d 541, 542 [2005]). Even if the plaintiff's former attorney was responsible for both the lengthy delay in proceeding with trial and the plaintiff's failure to appear on the last three scheduled trial dates, where there is a pattern of default and neglect, the negligence of the attorney is properly imputed to the client (*see Dave Sandel, Inc. v Specialized Indus. Servs. Corp.*, 35 AD3d 790, 791 [2006]; *Edwards v Feliz*, 28 AD3d 512 [2006]; *MRI Enters. v Amanat*, 263 AD2d 530, 531 [1999]). Thus, the plaintiff failed to demonstrate a reasonable excuse for his default. Furthermore, the plaintiff failed to submit any medical evidence demonstrating that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Louis v MTA Long Is. Bus Co.*, 44 AD3d 628 [2007]; *Rezene v Williams*, 22 AD3d 656 [2005]; *Uddin v Mirza*, 10 AD3d 722 [2004]). Accordingly, the plaintiff's motion, in effect, to vacate the judgment dismissing the complaint should have been denied. Spolzino, J.P., Miller, Dickerson and Eng, JJ., concur.