In an action to recover damages for legal malpractice, etc., the plaintiffs appeal from (1) an order and judgment (one paper) of the Supreme Court, Suffolk County (Jones, Jr., J.), entered December 3, 2008, which granted the motion of the defendant Ira Levine to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (1), (5), and (7), and is in favor of that defendant and against them dismissing the complaint insofar as asserted against that defendant, (2) a judgment of the same court entered January 7, 2009, which, upon an order of the same court dated October 30, 2008, inter alia, granting that branch of the motion of the defendants Hankin, Handwerker & Mazel, PLLC, and Olga Johanna Rodriguez which was to dismiss the complaint insofar as asserted against the defendant Hankin, Handwerker & Mazel, PLLC, pursuant to CPLR 3211 (a) (1) and (7), is in favor of the defendant Hankin, Handwerker & Mazel, PLLC, and against them dismissing the complaint insofar as asserted against that defendant, (3) a judgment of the same *947 court entered June 24, 2009, which, upon so much of the order dated October 30, 2008, as granted that branch of the motion of the defendants Michael S. Langella, P.C., and Michael S. Langella, which was to dismiss the complaint insofar as asserted against those defendants pursuant to CPLR 3211 (a) (7), and directed the severance of the action against the defendant Stacey Rinaldi Guzman, is in favor of the defendants Michael S. Langella, P.C., and Michael S. Langella and against them dismissing the complaint insofar as asserted against those defendants, and (4) a judgment of the same court entered February 5, 2009, which, upon an order of the same court entered January 12, 2009, granting that branch of the motion of the defendant Stacey Rinaldi Guzman which was to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (7), is in favor of that defendant and against them dismissing the complaint insofar as asserted against that defendant.
Ordered that the order and judgment entered December 3, 2008, is affirmed; and it is further,
Ordered that the judgments entered January 7, 2009, and February 5, 2009, are affirmed; and it is further,
Ordered that the judgment entered June 24, 2009, is reversed, on the law, that branch of the motion of the defendants Michael S. Langella, PC., and Michael S. Langella which was to dismiss the complaint insofar as asserted against them is denied, the complaint is reinstated insofar as asserted against the defendants Michael S. Langella, PC., and Michael S. Langella, and the order dated October 30, 2008, is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the defendants Ira Levine, Hankin, Handwerker & Mazel, PLLC, and Stacey Rinaldi Guzman, payable by the plaintiffs, and one bill of costs is awarded to the plaintiffs, payable by the defendants Michael S. Langella, PC., and Michael S. Langella.
The instant action to recover damages for legal malpractice was commenced on February 20, 2008, alleging that the defendants improperly handled the plaintiffs’ underlying action to recover damages allegedly sustained in an automobile accident on May 23, 2000. The underlying action was commenced on May 29, 2002, and dismissed on July 19, 2006, upon the plaintiffs’ default in appearing for trial. The plaintiffs’ motion to vacate the default was denied in an order dated November 16, 2006, owing to the plaintiffs’ failure to submit an affidavit of merit in connection with their motion. That order was affirmed by this Court on the ground that “there was nothing” in the affidavit *948 of the plaintiff Lisa DiGiacomo, also known as Lisa DiGiacomo-Frangione, “to establish that the plaintiffs had. a meritorious cause of action” (Frangione v Daniels, 44 AD3d 708, 708 [2007]). The instant action to recover damages for legal malpractice ensued.
The amended complaint in the instant action to recover damages for legal malpractice (hereinafter the legal malpractice complaint) alleges that “sometime prior to May 15, 2002,” the plaintiffs retained the defendant Ira Levine, who commenced the underlying action on behalf of the plaintiffs on or about May 29, 2002, against Barbara Daniels, the operator of the offending vehicle. The legal malpractice complaint asserts that legal malpractice was committed by the failure to join Daniels’s employer, Weight Watchers, as a defendant in the underlying action. The statute of limitations against Weight Watchers expired on May 23, 2003, three years after the accident (see CPLR 214 [5]).
The legal malpractice complaint further alleges that, prior to December 16, 2003, Hankin, Handwerker, & Mazel, PLLC (hereinafter HHM), was substituted as counsel for Levine. The “Consent to Change Attorney” document effecting that substitution is dated September 18, 2003.
The legal malpractice complaint states that HHM was relieved as counsel for the plaintiffs pursuant to an order of the Supreme Court dated May 15, 2006. That order also adjourned the trial of the underlying personal injury action until July 12, 2006, and directed the plaintiffs to “obtain another attorney or represent themselves.”
The legal malpractice complaint alleges that, after May 15, 2006, the plaintiffs were “represented” in the underlying action by Stacy Rinaldi Guzman, “who agreed to appear and represent the plaintiffs” on July 12, 2006, “for purposes of obtaining an adjournment of the matter but who never bothered to appear.”
When the plaintiffs failed to appear on the adjourned date of July 12, 2006, the trial in the underlying action was again adjourned, this time until July 19, 2006. When the plaintiffs failed to appear on July 19, 2006, the Supreme Court granted an oral application to dismiss the underlying action upon the plaintiffs’ default (see 22 NYCRR 202.27).
The legal malpractice complaint states that the plaintiffs then retained the defendants Michael S. Langella, EC., and Michael S. Langella (hereinafter together the Langella defendants), who moved by order to show cause to vacate the plaintiffs’ default and restore the case to the trial calendar. The Supreme Court denied the motion to vacate the default in an order dated *949 November 16, 2006, on the ground that “the papers failed to present any proof regarding the merits of the action.” As previously noted, that order was affirmed by this Court (see Frangione v Daniels, 44 AD3d 708 [2007]).
Since the instant action to recover damages for legal malpractice was not commenced until 4½ years after HHM was substituted for Levine as the plaintiffs’ counsel in the underlying action pursuant to a “Consent to Change Attorney,” the legal malpractice complaint insofar as asserted against Levine is time-barred by the three-year statute of limitations for actions sounding in legal malpractice (see CPLR 214 [6]; Loria v Cerniglia, 69 AD3d 583 [2010]; Sommers v Cohen, 14 AD3d 691, 693 [2005]). Therefore, the complaint was properly dismissed insofar as asserted against Levine.
The elements of a cause of action sounding in legal malpractice are that the defendant attorney breached a duty of care to the client and that the breach was a proximate cause of actual damages (see Tortura v Sullivan Papain Block McGrath & Cannavo, PC., 21 AD3d 1082, 1083 [2005]; DeGregorio v Bender, 4 AD3d 384 [2004]; Aversa v Safran, 303 AD2d 700 [2003]). To succeed on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) based on a defense founded upon documentary evidence, the documentary evidence must resolve all factual issues as a matter of law and conclusively dispose of the plaintiffs’ claim (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Fontanetta v John Doe 1, 73 AD3d 78 [2010]; Newcomb v Sims, 63 AD3d 1022, 1023 [2009]). When determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the pleading must be afforded a liberal construction (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87 [1994]). The facts as alleged in the complaint are accepted as true, with the plaintiffs accorded the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
The order of the Supreme Court dated May 15, 2006, relieving HHM as the attorney for the plaintiffs, conclusively established that HHM’s conduct was not a proximate cause of the dismissal of the underlying action in July 2006, or of the plaintiffs’ alleged damages resulting from that dismissal. Therefore, the complaint was also properly dismissed insofar as asserted against HHM.
Further, since the plaintiffs were granted an adjournment of the trial in the underlying action on July 12, 2006, the plaintiffs’ allegation that Guzman is liable for legal malpractice for failing to secure an adjournment fails to state a cause of action. Subsequent events cannot be attributed to Guzman, since the *950 plaintiffs fail to allege that they retained Guzman to represent them in the action. A unilateral hope on the part of the plaintiffs that Guzman might represent them does not give rise to an attorney-client relationship (see Wei Cheng Chang v Pi, 288 AD2d 378 [2001]).
However, the plaintiffs did state a cause of action against the Langella defendants, since the Langella defendants failed to submit an affidavit of merit in support of the plaintiffs’ motion to vacate their default, which resulted in the denial of that motion. A motion to vacate a default and restore an action to the trial calendar requires a reasonable excuse for the default and an affidavit of merit as to the underlying claim (see CPLR 5015 [a] [1]; 47 Thames Realty, LLC v Robinson, 61 AD3d 923, 924 [2009]). The failure to provide an affidavit establishing both a reasonable excuse for a default and a meritorious cause of action or defense may be the basis of a cause of action sounding in legal malpractice (see Reznick v Zurich N. Am. Specialties, 45 AD3d 750, 751 [2007]).
The plaintiffs’ remaining contentions are without merit.
Accordingly, the complaint was properly dismissed insofar as asserted against Levine, HHM, and Guzman. However, the Supreme Court erred in dismissing the complaint insofar as asserted against the Langella defendants. Skelos, J.E, Balkin, Roman and Sgroi, JJ., concur.