(November 23, 2010)

■ CHARLIE GOODWIN, JR., et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [913 NYS2d 149]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about June 12, 2009, which, in an action for personal injuries sustained from a fall down a staircase in defendant's building, denied plaintiffs' motion to vacate a prior order that had dismissed the action pursuant to 22 NYCRR 202.27 (b) for their attorney's failure to appear at a preliminary conference, unanimously reversed, on the law, without costs, the motion granted, and the complaint reinstated.

A court should vacate a default upon the showing of a meritorious claim and a reasonable excuse for failure to appear (*Jones v New York City Hous. Auth.*, 13 AD3d 489 [2004]). The showing of merit necessary to vacate a 22 NYCRR 202.27 default is less than what is necessary for opposing a motion for summary judgment (*see Caso v Manmall, Inc.*, 68 AD3d 470, 472 [2009], citing *Levy v New York City Hous. Auth.*, 287 AD2d 281 [2001]). Plaintiffs' evidence, at this predisclosure stage—in particular, their attorney's affirmation attaching photographs described as "indicating the condition of the stairs at the time of plaintiff's accident," and depicting a staircase in a state of disrepair and containing debris—is sufficient to show a meritorious cause of action. The attorney's present inability to say who took the photographs and when they were taken is a curable defect that, at this juncture, should not result in dismissal of the action. Nor should the injured plaintiff's testimony at a

General Municipal Law § 50-h hearing in October 2003, when he was unable to state what caused him to fall, be grounds for dismissal (*see Hecker v New York City Hous. Auth.*, 245 AD2d 131 [1997]). We note that the accident occurred fully a year prior to that testimony; that an amended notice of claim, filed through the same attorney in January 2003, just 10 days after the first notice, described the stairs as "broken/cracked/chipped [and] covered with debris" (42 AD3d 63, 65 [2007]); and that plaintiffs have submitted evidence that the fall on defendant's stairs was allegedly so severe that it not only caused the injured party's quadriplegia, but also adversely affected his ability to remember the accident.

Law office failure may constitute a reasonable excuse for a default (*see Dokmecian v ABN AMRO N. Am.*, 304 AD2d 445 [2003] [counsel inadvertently scheduled the wrong date for the preliminary conference]). Here, under the circumstances (including counsel's stressful preoccupation with the health of a close family member), a one-time default at a preliminary conference that plaintiffs had requested after remand from this Court should not result in dismissal of the action (CPLR 2005; *see Mediavilla v Gurman*, 272 AD2d 146, 148 [2000]), especially in light of the strong public policy in this state for disposing of cases on their merits (*see Hyde Park Motor Co., Inc. v Sucato*, 24 AD3d 724 [2005]).

This Court is all too familiar with this case, having reversed Supreme Court's wrongful dismissal of the complaint once before for labeling a correction to the original notice of claim as a "second" notice (42 AD3d at 66). The lawsuit stemming from this eight-year-old accident has now survived two mistaken dismissals. No discovery has taken place. It is time for discovery to commence and finish expeditiously so that plaintiffs' claims may be addressed on their merits. Concur—Gonzalez, P.J., Tom, Catterson, Moskowitz and Richter, JJ.