JEAN MARIE FREY et al., Appellants, v MING C. CHIOU et al., Respondents, et al., Defendant. [941 NYS2d 522]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated April 18, 2011, which denied their motion (a), in effect, to vacate so much of a judgment of the same court entered November 15, 2010, as, upon the denial of the plaintiffs' application for an adjournment of trial and upon an order of the same court dated May 7, 2010, granting the separate applications of the defendants Ming C. Chiou and Warwick Anesthesia and Pain Management, and the defendant St. Anthony's Community Hospital, pursuant to 22 NYCRR 202.27 (b), inter alia, to dismiss the complaint insofar as asserted

against each of them upon the plaintiffs' failure to proceed with trial, was in favor of those defendants and against the plaintiffs dismissing the complaint insofar as asserted against those defendants, and (b) to restore the action to the trial calendar.

Ordered that the order is affirmed, with one bill of costs awarded to the respondents appearing separately and filing separate briefs.

The plaintiffs moved, in effect, to vacate so much of a judgment entered November 15, 2010, as dismissed the complaint insofar as asserted against the defendants Ming C. Chiou, Warwick Anesthesia and Pain Management, and St. Anthony's Community Hospital (hereinafter the defendants), and to restore the action to the trial calendar. The complaint was dismissed against these defendants pursuant to 22 NYCRR 202.27 (b) due to the plaintiffs' failure to proceed with trial. The plaintiffs had requested a three-month adjournment of trial, but that application had been denied.

An action dismissed pursuant to 22 NYCRR 202.27 (b) may be restored if the plaintiff demonstrates both a reasonable excuse for the default and a potentially meritorious cause of action (*see Santiago v Santana*, 54 AD3d 929, 930 [2008]). Here, the plaintiffs failed to demonstrate a reasonable excuse for their failure to proceed with trial (*see Schmitt v Jeyalingam*, 71 AD3d 757 [2010]; *Santiago v Santana*, 54 AD3d at 930; *Frangione v Daniels*, 44 AD3d 708 [2007]; *Psomatithis v Transoceanic Cable Ship Co., Inc.*, 39 AD3d 837, 838 [2007]). The plaintiffs had notice of the scheduled trial date more than 10 months before trial and they failed to demonstrate that the need for a three-month adjournment was not due to their lack of due diligence (*see Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]; *Colon v Bailey*, 26 AD3d 454, 455 [2006]; *Herbert v Edwards Super Food Stores-Finast Supermarkets*, 253 AD2d 789 [1998]). The plaintiffs also failed to demonstrate a potentially meritorious cause of action. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion, in effect, to vacate so much of the judgment as dismissed the complaint insofar as asserted against the defendants and to restore the action to the trial calendar. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.