■ In the Matter of CARLOS RIVERA, Respondent, v NEW YORK CITY DEPARTMENT OF SANITATION et al., Appellants. [36 NYS3d 464]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered June 10, 2014, upon respondents' purported default, granting the petition brought pursuant to CPLR article 78 to annul respondents' determination, dated February 14, 2013, which terminated petitioner's probationary employment as a sanitation worker, and order, same court, Justice and date of entry, which denied respondents' motion to vacate the default judgment, unanimously reversed, on the law, without costs, the motion to vacate the default judgment granted, the petition denied, and the proceeding dismissed.

CPLR 5015 (a) (1) requires a movant seeking to vacate a default to move within one year of entry of the default and to show a reasonable excuse for the default as well as a meritorious defense (*see Youni Gems Corp. v Bassco Creations Inc.*, 70 AD3d 454, 455 [1st Dept 2010], *lv dismissed* 15 NY3d 863 [2010]). Respondents timely moved to vacate the default. It should be noted that petitioner did not oppose the application.

On the merits, respondents cite "law office failure" as a reason for the default. Under certain circumstances, law office failure may provide a reasonable excuse for a default (*see e.g. Goodwin v New York City Hous. Auth.*, 78 AD3d 550, 551 [1st Dept 2010]). At oral argument, respondents essentially conceded that, in this e-filed case, their office failed to regularly check its email and, as a result, was unaware of the motion court's order that gave rise to the default. Respondents' excuse was sufficiently particularized and there is no evidence of wilful or contumacious conduct on their part (*see Reyes v New York City Hous. Auth.*, 236 AD2d 277, 279 [1st Dept 1997]).

Additionally, respondents have demonstrated the existence of a meritorious defense. Petitioner was a probationary employee who was arrested and charged with DWI while still on probationary status. His commercial driver's license, a requirement for a sanitation worker, was suspended and then revoked as a result. Several disciplinary complaints were filed as a result of this incident and he was subsequently terminated.

"A probationary employee may be discharged without a hearing or a statement of reasons, in the absence of a demonstration that [his] termination was made in bad faith, for a constitutionally impermissible purpose, or in violation of statutory or decisional law" (*Matter of Turner v Horn*, 69 AD3d 522, 522 [1st Dept 2010]). The record before us clearly establishes that there were legitimate reasons for terminating petitioner's

employment, specifically, his arrest and the revocation of his license* (*see Matter of Cipolla v Kelly*, 26 AD3d 171 [1st Dept 2006]). This is a valid reason for termination even if the charges for which he was arrested were later withdrawn or dismissed (*see e.g. Matter of Holder v Sielaff*, 184 AD2d 228 [1st Dept 1992]).

Since respondents' failure to timely file an answer was neither wilful, nor part of a pattern of dilatory behavior, and petitioner points to no evidence that the short (three month) period of default caused him to change his position, and he has demonstrated no other prejudice, and in view of the strong public policy of disposing of cases on their merits, the motion court improvidently exercised its discretion in denying respondents' motion to vacate the default (*DaimlerChrysler Ins. Co. v Seck*, 82 AD3d 581 [1st Dept 2011]). Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Webber, JJ.

* Although petitioner claims that his license has since been restored, this claim is dehors the record and cannot be considered by us (*Vick v Albert*, 47 AD3d 482, 484 [1st Dept 2008], *lv denied* 10 NY3d 707 [2008]).