Hertz Vehicles, LLC v Mollo (2019 NY Slip Op 03270)





Hertz Vehicles, LLC v Mollo


2019 NY Slip Op 03270


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Gische, J.P., Webber, Kahn, Oing, JJ.


9110 151486/16

[*1]Hertz Vehicles, LLC, Plaintiff-Respondent,
v
Darren T. Mollo, D.C., et. al., Defendants-Appellants, Middle Village Diagnostic Imaging, P.C., et. al., Defendants.


The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for appellants.
Rubin, Fiorella & Friedman LLP, New York (David F. Boucher, Jr. of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Ellen M. Coin, J.), entered September 6, 2017, which granted plaintiff's motion under CPLR 3215 for a default judgment, and denied defendants' cross motion for an extension of time to appear and to compel acceptance of their answer, unanimously reversed, on the law and the facts, without costs, the judgment vacated, plaintiff's motion denied, and defendants' cross motion granted.
Defendants satisfied the requirements of CPLR 3012(d), which authorizes an extension of time to appear or plead "upon such terms as may be just and upon a showing of reasonable excuse for delay or default." Here, the delay in filing an answer was occasioned by law office failure, which can constitute a reasonable excuse (see Matter of Rivera v New York City Dept. of Sanitation, 142 AD3d 463, 464 [1st Dept 2016]). Defendants' counsel explained that its failure to file its answer was due to an error in its office's case management system, which, upon the entry of a pre-answer motion to dismiss, marked the complaint answered. Notably, service of the pre-answer motion to dismiss revealed that defendants did not intend to abandon the action. Plaintiff does not argue that it has been prejudiced as a result of defendants' three month delay in submitting its answer (Lamar v City of New York, 68 AD3d 449 [1st Dept 2009]), and our determination comports with New York's strong public policy in favor of litigating matters on the merits (Gantt v North Shore-LIJ Health Sys., 140 AD3d 418, 419 [1st Dept 2016]).
We have considered Hertz's remaining contentions and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK