Bear Stern Asset-Backed Sec. I Trust 2006-IMI v Ceesay (2020 NY Slip Op 01025)





Bear Stern Asset-Backed Sec. I Trust 2006-IMI v Ceesay


2020 NY Slip Op 01025


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11027 32709/16E

[*1] Bear Stern Asset-Backed Securities I Trust 2006-IMI, etc., et al., Plaintiffs-Appellants,
v
Eliman Ceesay, Defendant-Respondent, Saul Romero, et al., Defendants.


Ras Boriskin, LLC, Westbury (Leah Lenz of counsel), for appellant.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about April 3, 2018, which granted defendant Ceesay's motion to vacate an order of reference, reinstate his answer, and dismiss the complaint as against him, unanimously affirmed, without costs.
Defendant demonstrated a reasonable excuse for its default in opposing plaintiff's motion for summary judgment on its foreclosure complaint (CPLR 5015[a][1]). Defendant's assertion of difficulties with the court's e-filing system is a reasonable excuse (see e.g. Matter of Rivera v New York City Dept. of Sanitation, 142 AD3d 463 [1st Dept 2016]; Spira v New York City Tr. Auth., 49 AD3d 478 [1st Dept 2008]).
Defendant also demonstrated a meritorious defense to the action (see Rivera, 142 AD3d at 463). Plaintiff never sent him a statutorily compliant prior notice of risk of foreclosure (see RPAPL 1304), a condition precedent to the commencement of a residential foreclosure action (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825 [2d Dept 2017]). The affidavit by an officer of plaintiff's servicing company on which plaintiff relies refers to, and attaches, only a notice of default that is not in compliance with RPAPL 1304. Moreover, the affidavit merely confirms the officer's review of her employer's business records, which is insufficient to establish proof that the notice was mailed. Plaintiff argued in opposition to the motion to vacate that it sent an RPAPL 1304 notice in good faith. However, there is no proof of actual mailing (see CitiMortgage, Inc. v Moran, 167 AD3d 461 [1st Dept 2018]).
Plaintiff contends that the requirements of RPAPL 1304 are inapplicable because the mortgage loan was not a "home loan" as defined under that statute (see id. § [6][a][1]). We do not reach this contention, because it involves issues of fact raised for the first time on appeal (cf. Ozcan, 154 AD3d at 824-825 [deciding "home loan" issue where defendant did not refute that
the subject property was a commercial property and that he lived elsewhere]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK