Hamilton v Basketball City N.Y. LLC (2022 NY Slip Op 03474)





Hamilton v Basketball City N.Y. LLC


2022 NY Slip Op 03474


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Acosta, P.J., Renwick, Singh, Moulton, Kennedy, JJ. 


Index No. 150674/19 Appeal No. 16055 Case No. 2020-04364 

[*1]George Hamilton, Plaintiff-Respondent,
v
Basketball City New York LLC et al., Defendants-Appellants.


Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Richard David Lane Jr. of counsel), for appellants.
Hach & Rose, LLP, New York (John A. Blyth of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about October 15, 2020, which, in an action for personal injuries arising out of a trip and fall on a raised board or plank, granted plaintiff's motion to vacate an order, same court and Justice, entered on or about February 19, 2020, which dismissed the complaint for plaintiff's failure to appear in court for a scheduled conference on January 14, 2020 and February 18, 2020, unanimously affirmed, without costs.
Plaintiff demonstrated that his default was attributable to inadvertent law office failure and was not part of a pattern of delay (see Travelers Ins. Co. v Abelow, 14 AD3d 395 [1st Dept 2005]; Harwood v Chaliha, 291 AD2d 234 [1st Dept 2002]). At this stage of proceedings, plaintiff's complaint and bill of particulars were sufficient for the motion court to determine that plaintiff had a meritorious cause of action (see Goodwin v New York City Hous. Auth., 78 AD3d 550, 550 [1st Dept 2010]; Rugieri v Bannister, 22 AD3d 299, 302 [1st Dept 2005], affd in relevant part 7 NY3d 742 [2006]; Nicholos v Cashelard Rest., 249 AD2d 187, 189 [1st Dept 1998]; Arred Enters. Corp. v Indemnity Ins. Co. of N. Am., 108 AD2d 624, 626 [1st Dept 1985]). Given the lack of prejudice to defendants and considering the strong public policy of deciding cases on the merits, the court properly exercised its discretion in vacating the default judgment (see Matter of Rivera v New York City Dept. of Sanitation, 142 AD3d 463, 465 [1st Dept 2016]; Goodwin, 78 AD3d at 551).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022