Navarro v Joy Constr. Corp. (2022 NY Slip Op 05602)

Navarro v Joy Constr. Corp.

2022 NY Slip Op 05602

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Index No. 155606/18 Appeal No. 16352-16352A Case No. 2021-03151 2021-04059 

[*1]Emilio Mora Navarro, Plaintiff-Appellant,
v
Joy Construction Corporation et al., Defendants-Respondents. 

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Jon Pisiewski of counsel), for respondents.

Order of the Supreme Court, New York (Arlene P. Bluth, J.), entered on or about July 30, 2021, which denied plaintiff's motion to vacate the order dismissing the action and restore the matter to the active calendar, unanimously reversed, on the law and the facts, without costs, the motion granted, and the complaint reinstated. Appeal from order, same court and Justice, entered October 8, 2021, which denied plaintiff's motion to renew, unanimously dismissed, without costs, as academic.
The motion court improvidently exercised its discretion when it denied plaintiff's motion to vacate the order for failure to appear at conferences or to file a stipulation outlining the remaining discovery (see Travelers Ins. Co. v Abelow, 14 AD3d 395, 395 [1st Dept 2005]; Dokmecian v ABN AMRO N. Am., 304 AD2d 445, 445 [1st Dept 2003]). Defendants had already stipulated to restore the matter to the calendar, and stipulations between the parties are binding on the parties and generally enforced by the courts (see Toos v Leggiadro Intl., Inc., 114 AD3d 559, 561 [1st Dept 2014]). Moreover, the assertion by plaintiff's counsel that two of the court's notices were inadvertently routed to counsel's spam folder constitutes an excusable law office failure (see Matter of Rivera v New York City Dept. of Sanitation, 142 AD3d 463, 464 [1st Dept 2016]). Nor is there evidence in the record that counsel has engaged in a pattern of dilatory behavior (see Abelow, 14 AD3d at 395). Finally, plaintiff's pleadings, along with the depositions of the witnesses, established a potentially meritorious cause of action (see Toos, 114 AD3d at 561).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022