**Kapitus Servicing, Inc. v Temple Bldrs., LLC**

2025 NY Slip Op 31696(U)

May 8, 2025

Supreme Court, New York County

Docket Number: Index No. 656932/2019

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. NICHOLAS W. MOYNE**

*Justice*

PART                41M

-------------------------------------------------------------------------X

KAPITUS SERVICING, INC.,

INDEX NO.           656932/2019

Plaintiff,

MOTION DATE         11/06/2024

- v -

MOTION SEQ. NO.        001

TEMPLE BUILDERS, LLC,DENISE SMITH, RICHARD
ANDREW SMITH

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for           JUDGMENT - DEFAULT          .

Upon the foregoing documents, it is

Plaintiff, Kapitus Servicing, Inc. f/k/a Colonial Funding Network, Inc. as servicing provider New York Business Banc ("Kapitus Servicing"), commenced the underlying action against defendants, Temple Builders, LLC d/b/a Temple Builders and Denise Smith (a/k/a Denise D. Smith) and Richard Andrew Smith (a/k/a Richard Smith a/k/a Richard A. Smith), to recover amounts allegedly owed pursuant to a Merchant Cash Advance Agreement for the Purchase and Sale of Future Receivables and asserting claims for breach of contract, account stated, breach of guaranty, and attorneys' fees. Plaintiff now moves for an order, pursuant to CPLR § 3215, directing entry of a default judgment against defendants in the amount of $45,354.00, plus costs and interest, said amount consisting of: $35,779.00, the unpaid balance of receivables, $2,075.00 in ACH debit fees incurred, $2,500.00 for "Blocked Account" fees and $5,000.00 in "Default" fees. For the reasons set forth below, the motion is denied, and the action is dismissed.

**656932/2019   KAPITUS SERVICING, INC. vs. TEMPLE BUILDERS, LLC ET AL**
**Motion No.  001**

**Page 1 of 4**

[* 1]

Plaintiff commenced the underlying action on or around November 21, 2019, by filing copies of the summons and complaint (NYSCEF Doc. No. 1). Thereafter, on or around December 10, 2019, plaintiff, in accordance with the methods of services authorized by CPLR §§ 311(a) and 308(1) and (2), served the defendants with the summons and complaint for this action (NYSCEF Doc. No. 4-6). Therefore, the applicable time periods in which defendants ought to have answered or otherwise appeared have passed and the defendants have failed to do so (*see* CPLR § 320[a]). However, plaintiff's application seeking entry of a default judgment was not made until November 6, 2024, well after the expiration of the statutorily proscribed one-year period (NYSCEF Doc. No. 7).

Considering, pursuant to CPLR § 3215(c), if a plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed. This CPLR § 3215(c) language requiring dismissal is not discretionary but mandatory, with the statute excepting cases where sufficient cause has been shown (*Deutsche Bank Natl. Tr. Co. v Cruz*, 173 AD3d 610, 610 [1st Dept 2019]). To establish sufficient cause, the plaintiff is required to set forth both a reasonable excuse for the delay and demonstrate that it has a meritorious cause of action (*Selective Auto Ins. Co. of New Jersey v Nesbitt*, 161 AD3d 560 [1st Dept 2018]; *HSBC Bank USA, N.A. v Slone*, 174 AD3d 866, 867 [2d Dept 2019]). The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court (*Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 752 [2d Dept 2014]).

Plaintiff's motion for a default judgment was filed more than four years after the defendants first defaulted in answering the complaint or appearing in the action. Upon certain

**656932/2019   KAPITUS SERVICING, INC. vs. TEMPLE BUILDERS, LLC ET AL**                    **Page 2 of 4**
  **Motion No.  001**

2 of 4

[* 2]

terms or in certain circumstances, law office failure may constitute a reasonable excuse (*Hertz Vehicles, LLC v Mollo*, 171 AD3d 651 [1st Dept 2019]; *Rivera v New York City Dept. of Sanitation*, 142 AD3d 463, 464 [1st Dept 2016]). Plaintiff seemingly relies on law office failure in an attempt to demonstrate a reasonable excuse, alleging that it "has a process in place to track the status of its litigations and conducts periodic review of its case files. As part of conducting that review, [p]laintiff discovered that a motion for default in this case had not been filed. Upon discovering this error, [p]laintiff promptly drafted and filed this motion" (NYSCEF Doc. No. 17).

However, the plaintiff's allegations do not establish a reasonable excuse for the four-year delay in seeking entry of judgment as they fail to identify any specifics of the supposed law office failure (*Doe v Garfinkel*, 234 AD3d 929, 931 [2d Dept 2025]) and fail to sufficiently address the extensive period of inactivity (*Cabral v Mueses*, 234 AD3d 475, 476 [1st Dept 2025]). These allegations, which are vague, conclusory, and entirely unsubstantiated, do not sufficiently set forth a viable excuse based on law office failure (*Zayas v Montefiore Med. Ctr.*, 188 AD3d 551, 552 [1st Dept 2020]; *Seide v Calderon*, 126 AD3d 417 [1st Dept 2015]; compare *Park v Kim*, 205 AD3d 429, 429 [1st Dept 2022]). Thus, as "the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether it had a potentially meritorious cause of action" (*U.S. Bank, Nat. Ass'n v Dorvelus*, 140 AD3d 850, 852 [2d Dept 2016]).

Accordingly, it is hereby

ORDERED that the motion by plaintiff, Kapitus Servicing, Inc. f/k/a Colonial Funding Network, Inc. as servicing provider New York Business Banc, is DENIED in its entirety; and it is further

[* 3]

ORDERED that the above-entitled action and complaint are dismissed, without costs and disbursements; and it is further

ORDERED that plaintiff, Kapitus Servicing, Inc. f/k/a Colonial Funding Network, Inc. as servicing provider New York Business Banc, serve a copy of this order with notice of its entry on defendants and on the Office of the County Clerk, who shall enter judgment accordingly; and it is further

ORDERED that such service upon the County Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of the court.

| | | | |
|---|---|---|---|
| 5/8/2025 | | | |
| **DATE** | | **NICHOLAS W. MOYNE, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**656932/2019 KAPITUS SERVICING, INC. vs. TEMPLE BUILDERS, LLC ET AL**
**Motion No. 001**

Page 4 of 4

4 of 4

[* 4]