## Tailored Fund Cap, LLC v Gem Ventures, Inc.

2025 NY Slip Op 31959(U)

June 2, 2025

Supreme Court, New York County

Docket Number: Index No. 152871/2022

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. NICHOLAS W. MOYNE**

*Justice*

------------------------------------------------------------------------------X

TAILORED FUND CAP, LLC,

Plaintiff,

- v -

GEM VENTURES, INC.,NEIL HOWARD MORRIS, DAVID DAVID GALLERY, GABLE HOLDINGS, LLC,WESTON SPICER, JOHN L. VARNER, THOMASTON PLACE AUCTION GALLERIES, INC.,KAJA J. VEILLEUX, JOHN D. BOTTERO

Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 41M |
| INDEX NO. | 152871/2022 |
| MOTION DATE | 12/31/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49

were read on this motion to/for                    JUDGMENT - DEFAULT                    .

In April of 2022, plaintiff, TAILORED FUND CAP, LLC, commenced the underlying action against defendants to recover damages allegedly sustained as a result of the unauthorized sale of a painting and alleging claims for breach of contract, fraud, conspiracy, concerted action liability, and aiding and abetting.[1] In Motion Sequence 003, plaintiff moves for an order, pursuant to CPLR § 3215, directing entry of a default judgment against defendants, GEM VENTURES, INC., NEIL HOWARD MORRIS, and DAVID DAVID GALLERY, in an amount to be determined at trial but no less than that sought in the complaint: $1,300,000.00, consisting of the required consignment price under the consignment agreement that was allegedly breached, plus interest, costs, and disbursements.

---

[1] In accordance with the Notices of Discontinuance, the action was discontinued as against the defendants, WESTON SPICER and GABLE HOLDINGS, LLC (NYSCEF Doc. Nos. 16, 20). In accordance with this court's Decision and Order granting the defendants' motion to dismiss, the action was dismissed as against defendants, THOMASTON PLACE AUCTION GALLERIES, INC., KAJA J. VEILLEUX and JOHN D. BOTTERO (NYSCEF Doc. No. 37).

**152871/2022   TAILORED FUND CAP, LLC vs. GEM VENTURES, INC. ET AL**
Motion No.  003

**Page 1 of 4**

On April 28, 2022, plaintiff, in accordance with the method of service proscribed by CPLR §§ 311 and 313, served defendant, GEM VENTURES, INC., with the summons and complaint for this action (NYSCEF Doc. No. 2). On May 14, 2022, plaintiff, in accordance with the method of service proscribed by CPLR §§ 308 and 313, served defendant, NEIL HOWARD MORRIS, with the summons and complaint for this action (NYSCEF Doc. No. 19). On April 28, 2022, plaintiff, in accordance with the method of service proscribed by CPLR §§ 311 and 313, served defendant, DAVID DAVID GALLERY, with the summons and complaint for this action (NYSCEF Doc. No. 5). The applicable time period in which defendants GEM VENTURES, INC., NEIL HOWARD MORRIS, and DAVID DAVID GALLERY ought to have answered or otherwise appeared has passed, and they have failed to do so.

Therefore, on December 31, 2024, plaintiff filed its application seeking entry of a default judgment against defendants (NYSCEF Doc. No. 39). However, this application, filed more than two years after the defendants' default in responding to the complaint, is well outside the statutory one-year period to seek entry of a default judgment (CPLR § 3215 [a]). Pursuant to CPLR § 3215 (c), if a plaintiff fails to take proceedings for the entry of judgment within one year after the default the court shall not enter judgment but shall dismiss the complaint as abandoned, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed. The language of CPLR § 3215 (c) requiring dismissal is not discretionary, but mandatory, with the statute excepting cases where sufficient cause has been shown (*Deutsche Bank Natl. Tr. Co. v Cruz*, 173 AD3d 610, 610 [1st Dept 2019]). Therefore, to establish sufficient cause the plaintiff must set forth a reasonable excuse for the delay and demonstrate that it has a meritorious cause of action (*Selective Auto Ins. Co. of New Jersey v Nesbitt*, 161 AD3d 560 [1st Dept 2018]; *HSBC Bank USA, N.A. v Slone*, 174 AD3d 866, 867 [2d Dept 2019]).

**152871/2022   TAILORED FUND CAP, LLC vs. GEM VENTURES, INC. ET AL**
**Motion No.  003**

**Page 2 of 4**

2 of 4

[* 2]

Here, plaintiff's counsel asserts that the failure to file for a default judgment within the one-year period was due to multiple events causing unforeseen delay, including: judicial reassignments, stipulations extending defendants' time to answer, a delayed motion to dismiss, and adjourned hearings on the motion to dismiss (NYSCEF Doc. No. 47). Counsel for the plaintiff further includes that plaintiff's attorneys "were engaged extensively in settlement of the litigation with the non-defaulting defendants" (NYSCEF Doc. No. 40) and stated that their "intent was to initiate the motion of default judgment after the other preliminary litigation in this matter had been addressed, providing time for the Defaulting Defendants to show up and move for an extension of time to answer," and that they "considered it prudent to wait and see whether the Defaulting Defendants would answer the [c]omplaint, ultimately waiting longer than they should have" (NYSCEF Doc. No. 47).

Upon certain terms or in certain circumstances, law office failure may constitute a reasonable excuse (*Hertz Vehicles, LLC v Mollo*, 171 AD3d 651 [1st Dept 2019]; *Rivera v New York City Dept. of Sanitation*, 142 AD3d 463, 464 [1st Dept 2016]). In consideration of the aforementioned allegations, the court does not find the plaintiff's excuses to be compelling as judicial reassignments do not impact a party's ability to file a motion, and the stipulations for extensions of time, the motion to dismiss, and the alleged settlement discussions did not concern any of the defaulting defendants (*see Neely v Felicetti*, 177 AD3d 484 [1st Dept 2019]; *Am. Express Natl. Bank v Hybrid, Inc.*, 76 Misc 3d 637, 639 [Sup Ct, NY County 2022]). Additionally, it is not "prudent" to wait beyond the statutory one-year period for filing a motion for default judgment to "see whether the Defaulting Defendants would answer" (NYSCEF Doc. No. 47), and certainly not over one year past the deadline for such a filing. Thus, plaintiff's allegations are insufficient to demonstrate a reasonable excuse for waiting over two years after

[* 3]

defendants' default to seek entry of judgment based on such defaults (*see Zayas v Montefiore Med. Ctr.*, 188 AD3d 551, 552 [1st Dept 2020]). In light of the absence of a reasonable excuse, it is unnecessary to consider whether plaintiff sufficiently demonstrated a potentially meritorious cause of action (*CEO Bus. Brokers, Inc. v Alqabili*, 105 AD3d 989, 990 [2d Dept 2013]).

Accordingly, it is hereby

ORDERED that the motion by the plaintiff, TAILORED FUND CAP, LLC, as against the defendants, GEM VENTURES, INC., NEIL HOWARD MORRIS, and DAVID DAVID GALLERY, for a default judgment is DENIED, and the complaint and above-entitled action are here dismissed in their entirety; and it is further

ORDERED that plaintiff, TAILORED FUND CAP, LLC, serve a copy of this order with notice of its entry on defendants and on the Office of the County Clerk, who shall enter judgment accordingly; and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of the court.

|  |  |
|---|---|
| **6/02/2025** | |
| **DATE** | **NICHOLAS W. MOYNE, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

152871/2022   TAILORED FUND CAP, LLC vs. GEM VENTURES, INC. ET AL          Page 4 of 4
Motion No.  003

4 of 4

[* 4]