Green Tree Servicing LLC v Rivera (2025 NY Slip Op 05459)

Green Tree Servicing LLC v Rivera

2025 NY Slip Op 05459

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 380778/13|Appeal No. 4850|Case No. 2025-02604|

[*1]Green Tree Servicing LLC, Plaintiff-Appellant,
v
Emma L. Rivera, et al., Defendants. 1812 Lacombe Ave. LLC, Nonpart -Respondent.

Akerman LLP, New York (Jordon M. Smith of counsel), for appellant.
Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about March 26, 2025, which denied plaintiff's motion to vacate an order of dismissal and restore the matter to the calendar, unanimously reversed, on the facts, without costs, the motion granted, and the complaint reinstated.
In this residential foreclosure action, Supreme Court improvidently exercised its discretion in denying plaintiff's motion on the ground that plaintiff failed to proffer a reasonable excuse for its failure to appear at a status conference in June 2018, which resulted in the dismissal of the action. Plaintiff gave both a reasonable excuse for its default and a potentially meritorious claim (Pena v Pinnacle Assoc. II NY LLC, 178 AD3d 407, 407 [1st Dept 2019]). Plaintiff's counsel presented a substantiated excuse of law office failure for not attending the June 11, 2018 conference. The failure to appear was due to confusion among counsel, former counsel believed that it did not need to attend as it had executed a consent to change attorney, and incoming counsel failed to E-track the case to receive electronic notifications. This was also the first conference missed by plaintiff, and the record reveals no other compelling evidence of willful or contumacious conduct on counsel's part.
Moreover, it is undisputed that plaintiff demonstrated the existence of a meritorious action by producing the note, mortgage, and evidence of defendant Emma Rivera's default. Under these circumstances, plaintiff's authority for the proposition that it had a reasonable excuse for the default is persuasive (see Navarro v Joy Constr. Corp., 209 AD3d 440 [1st Dept 2022]; Matter of Rivera v New York City Dept. of Sanitation, 142 AD3d 463 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025